135 So.2d 607 (1961)
Eddie L. ROBINSON, Sr., Individually and as Administrator of the Estate of His Minor Son, Lonar James Robinson
v.
FIDELITY AND CASUALTY COMPANY OF NEW YORK and Winn Dixie Stores, Inc.
No. 5379.
Court of Appeal of Louisiana, First Circuit.
November 20, 1961.
Rehearing Denied December 27, 1961.
Certiorari Denied February 2, 1962.
Pittman & Matheny, Hammond, for appellant.
Christovich & Kearney, New Orleans, for appellees.
Before ELLIS, HERGET and MILLER, JJ.
HERGET, Judge.
Eddie L. Robinson, Sr., individually and as administrator of the estate of his minor son, Lonar James Robinson, filed suit against Winn Dixie Stores, Incorporated and its insurer The Fidelity and Casualty Company of New York. As a basis for the claim the petition alleges the following:

"2.
"Lonar James Robinson, the minor son of petitioner, was born on August 31, 1942, is therefore at the present time seventeen (17) years of age, and lives and resides with his parents, your petitioner, his father, and Leah Dillon Robinson, his mother.

"3.
"On or about January 26, 1960, sometime before noon, your petitioner's minor son purchased from defendant's store, Winn Dixie Stores, Inc., in Hammond, Louisiana, one-half (½) gallon of wine.

"4.
"Petitioner's minor son, with two other students of the Hammond colored *608 school drank the wine and returned to the school in an intoxicated condition.

"5.
"Because of the improper conduct of petitioner's said minor son, as a result of being under the influence of this intoxicating liquor, it was necessary for the school officials to notify the police who came and placed petitioner's son in jail.

"6.
"Before being placed in jail and before the police arrived, petitioner's minor son behaved in a most embarrassing manner, attacking the principal and breaking a typewriter.

"7.
"As a result of said episode, petitioner's minor son was charged with being drunk and disturbing the peace and was sentenced to pay a fine and to spend five (5) days in jail.

"8.
"Petitioner shows that his son is small in statute (stature) and young in appearance and that his physical appearance was sufficient notice to the defendant's employees, agents and servants who sold him the liquor that he was a minor of a tender age and that it was improper to make said sale to him.

"9.
"Petitioner further shows that his son has always maintained a good record in both his school studies and his deportment and that he has never been in any type of trouble before.

"10.
"Petitioner shows that this entire episode is due to the negligence and carelessness of defendant's servants, employees or agents, acting in the course and scope of their employment, in making said illegal sale of intoxicating liquor to petitioner's minor son.

"11.
"Petitioner further shows that as a result of the said episode he has been embarrassed, worried, humiliated, has suffered extreme mental anguish and pain, was made to pay a fine of $20.00 for the conduct of his son, and has thereby been damaged in the amount of Five thousand and No/100 ($5,000.00) Dollars.

"12.
"Petitioner further shows that as a result of defendant's agents selling the intoxicating liquor to his son, that the son has been embarrassed, that he was deprived of attending school for a certain period of time, that he was placed in jail, and has otherwise suffered mental and physical pain and suffering, mental anguish and humiliation and has thereby been damaged in the amount of Five Thousand and No/100 ($5,000.00) Dollars."
To the petition defendants filed exceptions of no cause of action and, after hearing, the Trial Court sustained same and dismissed plaintiff's suit, from which judgment plaintiff appealed to this Court.
Counsel for plaintiff in this Court maintains that under LSA-R.S. 14:91 making it unlawful to sell to any person under the age of 21 years spiritous liquors, and LSA-R.S. 26:88 prohibiting a retail dealer from selling or serving alcoholic beverages to any person under the age of 18 years, and under LSA-C.C. Article 2315 providing that "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it; * * *" the wrongful act of the defendant in selling wine to plaintiff's minor son, which he drank and became inebriated, caused the damages for which plaintiff seeks recovery.
In this Court and in the trial Court it was the contention of exceptors that the *609 allegations of plaintiff's petition affirmatively allege plaintiff's minor son's own misconduct for which there can be no recovery by him for damages sustained by him growing out of his own misconduct. In other words, it is their contention that where the petition affirmatively makes allegations which conclusively show that the minor son as well as the defendant was guilty of negligence and that the minor's negligence was a contributing cause if not the proximate cause of the injury, the issue of contributory negligence may be properly raised by an exception of no cause of action. We are in accord with exceptors' contention in this respect and in the case of Gilliam v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913, Justice McCaleb as the organ of the Supreme Court, at page 915 (So.2d), opinedthough the plea of contributory negligence in an ex delicto action is one which has to be made by the defendant specially in his answer, there is an exception to the rule where the petition itself affirmatively makes allegations of contributory negligenceusing this language:
"* * * Nevertheless, there is a well-recognized exception to this rule which pertains only in cases where the affirmative allegations of the petition conclusively show that the plaintiff, as well as the defendant, was at fault and that plaintiff's negligence was a contributing cause of the accident, which would not have occurred but for such negligence. In these matters, the issue of contributory negligence may be raised by way of peremptory plea or exception of no cause of action addressed to plaintiff's petition. See Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238 and cases there cited. However, in order for a suit to be dismissed on an exception, it must appear not only that the negligence of plaintiff has been affirmatively alleged but also that the recitals of the petition are such as to exclude every reasonable hypothesis other than that such negligence was the proximate cause of the accident. Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239. See also Gibbs v. Illinois Cent. R. Co., 169 La. 450, 125 So. 445 and West v. Ray, 210 La. 25, 26 So.2d 221."
Unquestionably a simple reading of the recitations of plaintiff's petition conclusively shows that any injuries suffered by plaintiff and his son resulted from Lonar James Robinson's own misconduct which was the proximate cause of the alleged injury.
The Legislature of Louisiana has not seen fit to subject liquor vendors to civil liability for selling to intoxicated or minor persons alcoholic beverages and deny to the vendor of the liquor the right to plead the contributory negligence of the vendee in consuming the liquor.
Learned counsel for appellant suggests we should look to the common law states enunciating what he terms to be the "enlightened" view holding that the vendor of intoxicants illegally selling to a minor may be liable for damages thereby sustained by the minor. He likens the sale by a vendor of liquor to a minor to that in which a vendor serves to an obviously intoxicated adult alcoholic beverages after the consumption of which injuries are sustained by the individual. It is interesting to note that in the cases which he cites in connection with this argument, all of them except one have reference to suits against the vendor of liquor by third parties who were injured by the individual to whom the tavern keeper sold the beverage. Of course, such instances or such cases are not relevant to the issue here which is a suit by plaintiff seeking to recover damages allegedly sustained resulting from plaintiff's son's own misconduct attributable to the consumption of the intoxicating liquor.
In the case of Schelin v. Goldberg, 146 A.2d 648, 188 Pa.Super. 341, a Pennsylvania case, a vendor of liquor who sold to an already intoxicated patron alcoholic beverages contrary to the Liquor Code of that State making it unlawful to sell, furnish or *610 give liquor to persons visibly intoxicated was held responsible in damages for the injury sustained by the patron when he became involved in an argument with a man at the bar on whom he wanted to pin flowers and was struck by such man. The Court held that the patron was not barred from recovery of damages by his own contributory negligence in consuming the beverage which ultimately resulted in his injuries.
In the case of Cole v. Rush, a California case, 45 Cal.2d 345, 289 P.2d 450, 54 A.L.R. 2d 1137, where the plaintiffs who were the surviving widow and minor children of the deceased sought to recover damages for the allegedly negligent furnishing of intoxicating liquor to the deceased which the plaintiffs claimed proximately caused the death of the deceased, the Court, at page 457, summed up the holding of the Court in these words:
"Since it is established both by the common law and by the decisional law in this state (1) that as to a competent person it is the voluntary consumption, not the sale or gift, of intoxicating liquor which is the proximate cause of injury from its use; (2) that the competent person voluntarily consuming intoxicating liquor contributes directly to any injury caused thereby; and (3) that contributory negligence of the decedent bars recovery by his heirs or next of kin in a wrongful death action, the judgment must be, and it is, affirmed."
Thus, there is inconsistency in the common-law states and a diversity of views on the question of the liability of the vendor of liquor who sells to an obviously intoxicated patron who subsequently injures himself.
However, we do not have to go to the common-law states for the principle of law involved in this case inasmuch as this Court in the case of McAllister v. Travelers Insurance Co. et al., La.App., 121 So.2d 283, 287, wherein plaintiff who was a passenger in a vehicle operated by an inebriated driver and who was injured when that driver negligently had an accidentheld the plaintiff guest passenger to be contributorily negligent in riding with the inebriated driver despite the contention made by plaintiff that he should not be held guilty of contributory negligence because by his intoxication he had been deprived of the mental capacity to appreciate the danger he was exposing himself to by riding with the driver. In answer to this contention, this Court, with Judge Landry as the organ thereof, said:
"So far as we have been able to determine, the issue appears to be res novas in this state. To adopt the rule advocated by counsel for plaintiff would, in the opinion of this court be contrary to public policy and good morals inasmuch as the principle thereby established would be tantamount to placing a premium on moral turpitude. Additionally, jurisprudence of this nature would open the door to fraud and encourage fabrication of evidence in accident cases involving injury of guest passengers by drunken host drivers. Such a rule would facilitate imposition of liability upon intoxicated host drivers for injuries to guest passengers by the simple expedient of the guest declaring and acknowledging his insensibility to danger induced by voluntary drunkenness. * * *"
The next issue is the contributory negligence which may be charged to the plaintiff's son, age 17. In the case of Government Employees Insurance Company v. Davis, 266 F.2d 760, a decision of the United States Court of Appeals, Fifth Circuit, with Judge Rives as the organ of the Court, at page 764, said:
"Once it has been established that a child is capable of contributory negligence, the Louisiana cases recognize that such negligence is not necessarily measured by the same standard as that applicable to an adult, but `that the negligence of a child must be judged in accordance with his experience, age, understanding, *611 development, intelligence and capacity.' Jenkins v. Firemen's Insurance Co. of Newark, N. J., supra, [La.App.,] 83 So.2d at p. 501. In Cook v. Louisiana Public Utilities Co., La. App. 1 Cir. 1944, 19 So.2d 297, 298, it was said:
"`In considering and applying the doctrine of contributory negligence as it relates to children, it is proper, as shown by numerous decisions on the subject, to take into account the peculiar facts and circumstances of each case and especially too, the intelligence and mental capacity of the child involved. It may well be that a boy ten or twelve years old could be said to be guilty of contributory negligence in conducting himself in the face of a rather common danger such as, for instance, the fast approach of an automobile on the highway or a city street, or a train on a railroad track, whereas in his conduct in relation to certain objects he knows nothing about or does not appreciate the dangers involved in coming in contact with them, he should not be held to the same standard of conduct as an adult. * * *'
"The authorities generally recognize the principle that, `As to the child plaintiff * * *, the caution required is determined according to the maturity and capacity of the plaintiff under the particular circumstances of the case.' 38 Am.Jur., Negligence, Sec. 204, p. 885.
"In Louisiana, appellate courts have the right and duty to review both the law and the facts in all civil cases. Louisiana Constitution of 1921, Art. 7, Sec. 10, L.S.A. `As a consequence of that situation, in civil jury cases federal courts evaluating decisions of Louisiana state courts as precedents have the difficult task of separating the decisions of the Louisiana courts on the law from their review of the facts.' Wright v. Paramount-Richards Theatres, 5 Cir., 1952, 198 F.2d 303, 306.
"It is entirely clear, as we have said, that Hargus v. New Orleans Public Service Co., supra, [9 La.App. 117, 118 So. 847,] and the cases cited in footnote, 7 supra, have settled, as a matter of law, that a normal child of the age of Rita Vone is capable of contributory negligence. Those cases denied liability to children who undertook to cross a street or highway without looking for traffic. Whether they established that such conduct is negligence on the part of a normal child at that age as a matter of law in all cases, or simply as a matter of fact under the circumstances of the particular case, may well be debated. If we could decide that question authoritatively, it would be well for us to do so for the guidance of the district court upon another trial. Any decision we might make, however, could be upset by a later opinion and decision in some other case of the Supreme Court of Louisiana. While perhaps advisable, a decision of that question is not necessary for the disposition of the present appeal, and we forego the making of any such decision."
In considering the petition of plaintiff, it is affirmatively alleged that plaintiff's son was 17 years of age; that he had always maintained a good record both in his school studies and in his deportment and that he had never been in any type of trouble before, from which recitations it is affirmatively shown that this young man had reached an age and stage in life when mentally, morally and physically he was capable of contributory negligence and as a matter of law is charged with the responsibility of exercising that standard of care to be aware of the fact that the voluntary imbibing of the amount of wine which he necessarily must have consumed would end in the dire results which followed therefrom.
Accordingly, and for these reasons, the judgment of the trial Court is affirmed.
Judgment affirmed.