SAMUEL, Judge.
This is a suit in tort for personal injuries. Plaintiff has appealed from a judgment maintaining exceptions of no cause or right of action and dismissing his suit.
Plaintiff alleges he was injured while working as a bartender at one of the concession stands at a local rodeo. The following articles of his petition set forth the facts and a particularization of the alleged acts of negligence upon which his claim is based:
“4.
“During the course of the rodeo agents and employees of the American Brewing Company placed ice in and around the concession stands, the re- *851 suit of which the floors were constantly covered with ice and water creating a very dangerous condition.
“S.
“On or about June 9, 1961 petitioner and other employees employed at the concession stands complained to the officers and agents of the American Brewing Company regarding the above condition and requested that the conduct cease.
“6.
“Notwithstanding the request made by several employees at several times to the agents and employees of the American Brewing Company the conduct was continued and no provisions were made for nor was any attempt made to clean up or correct the condition.
“7.
“To alleviate the danger of slipping on the ice and water and the unhealthy condition of working in several inches of water, on June 10, 1961 your petitioner and other employees placed empty coca cola cases on the wet floor so they could walk and work on a relatively dry surface.
“8.
“Again on this date petitioner and the other employees requested of the officers and 'agents of the American Brewing Company that the condition be corrected and the placing of the ice and water in such a manner cease.

“9.

“On June 11, 1961 at approximately 1:30 P.M. on coming to work for the afternoon performance petitioner and his fellow employees saw that water and ice were still being allowed to run on the floor and no provisions had been made for the cleaning up of the same.
“10.
“As a result of the above conditions-petitioner and his fellow employees again placed coca cola cases on the. floor of the working area.
“H.
“On attempting to place a tub of beer, placed in the concession stand by the officers and agents and employees of the American Brewing Company, to a position on the coca cola cases your petitioner experienced an immediate-, and severe pain in his legs and back.

“16.
“Petitioners injuries were caused' solely by the negligence of the defendant, American Brewing Company, its-agents and employees, more specifically in the following particulars:
“Allowing and placing water and ice-in such a manner as to run on the-floor.
“Allowing a dangerous condition to-exist.
“Failure to clean or remedy a dangerous condition after notice and! protest of same.
“Continuing to place ice and water so-as to create a dangerous condition, after notice and protest thereof.”
Defendants’ exceptions are based on the-following contentions: (1) The petition shows that the alleged injury was caused’ proximately by the actions of the plaintiff' himself and not by the actions of the defendant; and (2) Even if the petition sets-out negligence, which proximately caused' the injury, on the part of the defendant, it also alleges contributory negligence on the part of plaintiff which was a proximate-cause of the injury and prevents recovery.
For the purpose of deciding these exceptions the well pleaded allegations of-' *852 fact contained in the petition are accepted as true. And our settled jurisprudence is that where it affirmatively appears from the allegations of the petition that plaintiff was guilty of contributory negligence proximately causing the accident or injury, the defense of contributory negligence may be maintained on an exception of no cause of action. Robinson v. Fidelity & Casualty Company of New York, La.App., 135 So.2d 607; Terrill v. I C T Insurance Co., La. App., 93 So.2d 292; Painter v. Bewley Furniture Co., La.App., 195 So. 70. In the instant case counsel for plaintiff has informed this court during argument that all available facts have been pleaded and he has conceded that there would be no point in remanding the case for the purpose of giving him an opportunity to amend the petition.
The petition does not allege any facts which would show or tend to show that the defendant brewing company was negligent in the manner in which it placed ice in and around the concession stand where plaintiff was working. As a matter of common experience, and we say this only in passing, the floors of such stands usually appear to be wet and slippery as a result of the removal of bottles from the containers in which they are iced. Nor does the petition allege any duty on the part of the brewing company to maintain a safe place in which plaintiff could work. Such a duty is negatived, at least through inference, by an earlier allegation to the effect that plaintiff was in the employ of persons other than the defendant brewing company.
However, regardless of any other consideration and assuming arguendo that the petition does allege some negligence on the part of the brewing company, we are unable to find any causal connection between such negligence and the accident resulting in plaintiff’s alleged injury. Article 11 of the petition states that plaintiff was injured when attempting to place a tub of beer, left in the stand by employees of the brewing company, on the empty coca cola cases. And in argument before this court counsel for defendant contends that the presence of the water on the floor of the concession stand made it necessary to place the tub on the empty cases. He makes no other contention relative to causation. The petition alleges no such necessity and, under the allegations, the need or necessity of placing the beer tub on the empty cases could not reasonably have been caused by a wet floor.
As we are of the opinion that the negligence of the defendant brewing company, if in fact such negligence does exist under the petition’s allegations, was not a proximate cause of the injury of which plaintiff complains, there is no need to discuss the question of contributory negligence.
For the reasons assigned, the judgment appealed from is affirmed; costs of this appeal to be paid by plaintiff-appellant.
Affirmed.