161 So.2d 354 (1964)
Bernard JOLLY
v.
TRAVELERS INS. CO., Thomas B. Becnel, Wm. J. Smith, Lucien Bergeron, Ray Henninger and Clay Pinner.
No. 1317.
Court of Appeal of Louisiana, Fourth Circuit.
March 2, 1964.
*355 George H. Fust, New Orleans, for plaintiff-appellant.
Alvin J. Liska and Samuel Richard Exnicios, New Orleans, for defendants-appellees.
Before McBRIDE, SAMUEL and HALL, JJ.
SAMUEL, Judge.
This is an appeal by the plaintiff from a judgment maintaining exceptions of no cause or right of action and dismissing his suit.
Plaintiff was injured while working for the City of New Orleans in its maintenance garage. As conceded by counsel, he received full benefits for those injuries under the Workmen's Compensation Act. This suit seeks damages for the same personal injuries arising out of the same accident for which the compensation was received. The defendants are Travelers Insurance Co. and five of plaintiff's supervisors and fellow employees of the City of New Orleans in the maintenance garage.
The suit against Travelers was dismissed by a summary judgment because of an absence of insurance coverage, no appeal has been taken therefrom and that judgment is now final. In this court plaintiff concedes the judgment appealed from is correct as to two of the other defendants but contends it is incorrect, and should be reversed, as to the three remaining defendants, who are: William J. Smith, Ray Henninger and Clay Pinner.
Those allegations of the petition which are concerned with the three remaining defendants, and are pertinent to our consideration of the exceptions, are:
"4.
"At all times pertinent hereto, William J. Smith was the Main Supervisor of the City of New Orleans Maintenance Barns located at 838 S. Genois Street, and was clothed with managerial duties and supervisory authority in relation to the said Barns;
* * * * * *
"6.
"At all times pertinent hereto, Ray Henninger was an auto mechanic *356 working for the City of New Orleans at their Maintenance Barns located at 838 S. Genois Street, and was clothed with managerial duties and authority with respect to auto repairs;
"7.
"At all times pertinent hereto, Clay Pinner was an auto mechanic for the City of New Orleans and was working at the Maintenance Barns located at 838 S. Genois Street, and was clothed with managerial duties and authority with respect to auto repairs;
"8.
"On or about January 28th, 1960, at approximately 3 P.M. Bernard Jolly was working for the City of New Orleans, Department of Streets, in their City Maintenance Barns, located at 838 S. Genois Street. He was instructed by Ray Henninger to clean a road grader with gasoline. While in the process of cleaning part of the motor of the road grader with gasoline, a spark from the ignition or coil box, which was still hooked to the battery, caused the gasoline to ignite, which resulted in serious burns and injuries to the petitioner;
"9.
"The foregoing tragedy was a result of the neglect, inattention and carelessness, breach of duty, and the negligent failure of defendants to unhook or to have unhooked the battery prior to the beginning of the cleaning cycle;
* * * * * *
"12.
"Particularly but not exclusively, William J. Smith was guilty of acts and omissions as follows:
"(1) the failure to see what he should have seen when he inspected the premises five minutes before the accident,
"(2) the failure to perform his supervisory duties in a proper and workmanlike manner,
"(3) the failure to warn Bernard Jolly of the dangerous situation which existed,
"(4) the failure to immediately disprove and have changed the faulty, unsafe, improper, defective, hazardous, dangerous and otherwise unsuitable electrical arrangements,
"(5) the failure to take necessary safeguards to prevent the tragedy which occurred;
* * * * * *
"14.
"Particularly but not exclusively, Ray Henninger, Auto Mechanic, was guilty of acts and omissions as follows:
"(1) the failure to unhook the battery prior to beginning of the cleaning cycle,
"(2) the failure to warn Bernard Jolly that the battery was still plugged in,
"(3) the failure to warn Bernard Jolly of the dangerous electrical equipment,
"(4) the failure to warn Bernard Jolly of existing conditions after he told him to clean the machine,
"(5) the failure to perform his duties in a proper and workmanlike manner,
"(6) the failure to take the necessary safeguards to prevent the tragedy which occurred;".
"15.
Particularly but not exclusively, Clay Pinner, Auto Mechanic, was guilty of acts and omissions as follows:
"(1) the failure to unhook the battery prior to beginning of the cleaning cycle,
"(2) the failure to warn Bernard Jolly that the battery was still plugged in,
*357 "(3) the failure to warn Bernard Jolly of the dangerous electrical equipment,
"(4) the failure to warn Bernard Jolly of existing conditions,
"(5) the failure to perform his duties in a proper and workmanlike manner,
"(6) the failure to take the necessary safeguards to prevent the tragedy which occurred;".
The defendants contend their exception of no cause of action should be maintained on two grounds: (1) the allegations of the petition affirmatively show contributory negligence on the part of plaintiff, which negligence was a proximate cause of the injuries; and (2) the petition fails to allege that any of the defendants was guilty of negligence involving a breach of duty owed by any defendant to the plaintiff and such a breach is an indispensable part of plaintiff's cause of action.
Our jurisprudence recognizes an exception to the rule that contributory negligence, in order to be considered, must be specially pleaded by the defendant in his answer and need not be negated in the petition. Where it affirmatively appears from the allegations of the petition that the plaintiff was guilty of contributory negligence proximately causing the accident or injury, and where those allegations exclude every reasonable hypothesis other than that plaintiff's contributory negligence was such a proximate cause, the defense of contributory negligence can be maintained and the suit dismissed on an exception of no cause of action. Grayson v. American Brewing Co., La.App., 152 So.2d 850; Gilliam v. Lumbermens Mutual Casualty Co., 240 La. 697, 124 So.2d 913.
Under our Workmen's Compensation Act, particularly LSA-R.S. 23:1101, the payment of compensation to an injured employee does not affect his claim or right of action for damages against a person (referred to in the act as a "third person"), other than his employer, who, under the circumstances without reference to the compensation act, is legally liable to pay damages in respect to the injury; the employee may proceed against the third person to recover such damages. A coemployee is a third person under the act and where the facts reveal active negligence or willful or deliberate tort on the part of a coemployee he is personally responsible. See Adams v. Fidelity and Casualty Co. of New York, La.App., 107 So.2d 496; Washington v. T. Smith & Son, La.App., 68 So.2d 337; Malone La. Work Comp. § 366.
To constitute active negligence (as distinguished from willful or deliberate tort) resulting in personal liability on the part of a coemployee such negligence must involve a breach of a duty owed by the coemployee to the injured party; if the act complained of constitutes a breach of duty owed directly to the injured plaintiff, there is personal liability; if the act consists of a breach of duty owed only to the employer, there is no liability. Adams v. Fidelity and Casualty Co. of New York, supra; Washington v. T. Smith & Son, supra.
We are satisfied that the allegations of the petition affirmatively show plaintiff's injuries were proximately caused by his contributory negligence and that those allegations exclude every other reasonable hypothesis. It is the obligation of a normal mature person to see and appreciate dangers which are obvious. And in our opinion cleaning a motor with such a volatile, inflammable fuel as gasoline, at least without taking extreme care and precautionary measures, is obviously dangerous. Plaintiff worked in the maintenance garage and he must, or what is the equivalent, should have known of that danger. The petition fails to allege whether the motor being cleaned was "hot" or "cold", but in either case the result is the same. If the motor was hot the danger was so completely obvious as to require no discussion. And the procedure also was dangerous if the motor was cold, a danger *358 increased by the plaintiff himself in using the gasoline without first checking to determine whether or not the battery had been disconnected, a determination which could be made by simply looking at the wires. We find no allegation suggesting that the plaintiff was in any way relieved of the duty or necessity of checking the battery connection and we can conceive of no reason why, as a reasonable man, he should not have taken some precaution to protect himself against the possibility of a spark igniting the fuel. Plaintiff's contributory negligence as shown by the allegations of his petition bars any recovery.
Our conclusion as to contributory negligence makes it unnecessary to consider the second basis of the exception of no cause of action.
The judgment appealed from is affirmed.
Affirmed.