GLADNEY, Judge.
This is an action ex delicto seeking damages for personal injuries brought by Ben M. Lee against Merle F. Kimmerly, Jr., doing business as Sak’s Lounge in Bossier City, Louisiana, and his insurer, Peerless Insurance Company. The defendants filed an exception of no cause of action based on plaintiff’s contributory negligence, which, exceptors urge, is affirmatively alleged in the petition. The trial court sustained the exception and the plaintiff has appealed.
The only matter for inquiry presented on this appeal is whether the petition of the plaintiff discloses such contributory negligence on his part as to bar recovery. Upon consideration of this issue negligence or breach of duty by the exceptor will be assumed and we will regard as true the well-pleaded allegations of the petition. The pertinent factual allegations, which must be accepted as true for the purpose of passing on the exception, are:
“4.
“Sak’s offers late evening entertainment, for profit, mainly built around the sale of intoxicating liquor, in the prosecution of which female waitresses are employed whose business is to serve and coax customers to drink.
“5.
“Sak’s is situated adj acent to and close to U. S. Highway 80, a transcontinental highway and four-laned at this point, and heavily frequented day and night with fast moving vehicles, the only egress from Sak’s being to Highway 80.
"6.
“Plaintiff shows that on the afternoon of June 27, 1963, he came to Shreveport, Louisiana, with friends on business and pleasure, and having discharged the business, they went out for a meal and plaintiff and his friends imbibed some alcoholic beverage and about 9:00 o’clock P.M. on that evening, they went to Sak’s.
“7.
“Plaintiff shows that when he arrived at Sak’s, while he was under the influence of liquor, he was not drunk, but to the contrary, was rational and in control of his faculties. As soon as he got to Sak’s, he ordered a few drinks which were sold to him and thereafter, during the evening, he was repeatedly coaxed to drink and plied with drinks by employees of Sak’s throughout the evening.
“8.
“Plaintiff shows, on information and belief, that this drinking went on from 9:00 o’clock P.M. to 1:00 o’clock A.M., of the morning of June 28, 1963, closing time for Sak’s, and as the- evening progressed, he became more and more inebriated and unsteady until he could barely walk, falling down a number of times and on one occasion breaking his watch, all under the eyes of Sak’s and its employees.
“9.
“On information and belief, plaintiff alleges that in spite of his obvious increased intoxication, growing helplessness and befuddlement, he was continuously sold drinks and coaxed to buy drinks by Sak’s employees until in all, he consumed 30-40 drinks, rendering him, to the knowledge of Sak’s and its employees, helpless mentally and almost physically.
*383 “10.
“On information and belief, plaintiff shows that he was in this helpless condition at the closing time at Sale’s, which was about 1:30 A.M., June 28, 1963, and notwithstanding Sale’s was fully aware of his inability to look after himself, he was required to leave the building of Sale’s and turned out on its premises adjacent to Highway 80 and on information and belief, this being his only means of egress, he wandered into this Highway and on account of his helplessness, could not take account of traffic, and he was there, in the highway, run down and injured by a vehicle traveling on the said highway at a point slightly southerly of Sale’s and grievously injured.”
Well established in our jurisprudence is the legal principle that an ex de-licto action may be dismissed through a plea of contributory negligence where the petition affirmatively makes allegations of contributory negligence. LSA-R.S. 14:91, LSA-R.S. 26:88; LSA-C.C. Art. 2315; Louisiana Power & Light Company v. SAIA et al., 188 La. 358, 177 So. 238 (1937); Gilliam v. Lumbermen’s Mutual Casualty Company, 240 La. 697, 124 So.2d 913 (1960); Robinson v. Fidelity & Casualty Company of New York, La.App., 135 So.2d 607 (1st Cir. 1961 Cert. denied).
The factual and legal questions decided by the court in Robinson v. Fidelity & Casualty Company of New York have had an important bearing upon our decision. In that case the father of a seventeen year old boy instituted suit against a liquor vendor for damages allegedly resulting from his son’s misconduct after purchasing wine from the defendant. In support of an exception of no cause of action it was contended that the petition affirmatively alleged the son was guilty of negligence and such negligence was a bar to recovery. In its judgment sustaining the exception of no cause of action, the court observed an inconsistency in the common-law states and a diversity of views on the question of the liability of the vendor of liquor who sells to an obviously intoxicated patron who subsequently injures himself.
As to the recognition accorded the rule in this state, the court commented upon the decision in McAllister v. Travelers Insurance Company et al., La.App., 121 So.2d 283 (1st Cir. 1960). A question of liability was raised therein by a guest passenger injured in a vehicle operated by an inebriated driver when that driver negligently had an accident. The court held the guest passenger contributorily negligent even though he argued he had been deprived of the mental capacity to' appreciate the danger he was exposing himself to by riding with the driver. In answer to this contention, Judge Landry, as the organ of the court in the McAllister case, said:
“So far as we have been able to determine, the issue appears to be res novas in this state. To adopt the rule advocated by counsel for plaintiff would, in the opinion of this court be contrary to public policy and good morals inasmuch as the principle thereby established would be tantamount to placing a premium on moral turpitude. Additionally, jurisprudence of this nature would open the door to fraud and encourage fabrication of evidence in accident cases involving injury of guest passengers by drunken host drivers. Such a rule would facilitate imposition of liability upon intoxicated host drivers for injuries to guest passengers by the simple expedient of the guest declaring and acknowledging his insensibility to danger induced by voluntary drunkenness.” [121 So.2d 283, 287]
The rationale of the defense of contributory negligence, as to a competent person, is that the voluntary consumption of intoxicating liquor (if acquired by sale or gift) is the proximate cause of the injury from its use. By voluntarily consuming the intoxicating liquor he thereby contrib *384 utes directly to any injury thus caused. Cole v. Rush, 45 Cal.2d 345, 289 P.2d 450, 54 A.L.R.2d 1137; Robinson v. Fidelity & Casualty Company of New York, supra. Whether or not voluntary intoxication relieves one from the effects of his own negligence received thoughtful consideration in 38 Am.Jur. 883, § 203, which comments were cited with approval in Manuel v. United States Fire Insurance Company, La.App., 140 So.2d 702 (3rd Cir. 1962):
“ ‘Voluntary intoxication does not relieve one from contributory negligence, or serve to relax the requirement which is imposed upon a person to exercise due care for his own safety. Every person is bound to a duty of exercising his intelligence to discover and avoid dangers that may threaten him, and intoxication voluntarily produced can constitute no excuse for a failure fully to perform this obligation. One who has voluntarily disabled himself by reason of intoxication is held to the same degree of care and prudence in the interest of his own safety that is required of a sober person.' A person threatened with a peril caused by the negligence of another is bound to exercise his intelligence and activity in full measure to avoid injury therefrom, and if it appears that from voluntary drunkenness he has deprived himself of the capacity so to do and as a result has suffered an injury, he will be denied legal redress therefor on the ground of contributory negligence. Thus, where one, by reason of his own voluntary intoxication, exposes himself to danger, and receives injuries which he could, and by the exercise of ordinary prudence would, have avoided if sober, he is guilty of contributory negligence and cannot recover for such injuries. However, the plaintiff’s voluntary intoxication is not negligence per se, and will not of itself prevent a recovery; hence, it is error to enter a nonsuit or give a binding instruction to find for the defendant for the reason merely that the plaintiff was intoxicated. Intoxication defeats a recovery by the plaintiff for negligence only in so far as it affects the care which he takes for his own safety. Thus, evidence of plaintiff’s intoxication is admissible, not as establishing contributory negligence in itself unless it shows that the drunkenness was in such degree as to cause loss of control of the muscles and senses, but as a circumstance to be weighed by the jury in their determination of the issue whether or not the plaintiff exercised ordinary care for his own safety.’ ” [140 So.2d 702, 705-6]
This court in Kimbrell v. American Indemnity Company, La.App., 56 So.2d 880 (2nd Cir. 1952) rejected the plea of contributory negligence and held the City of Natchitoches negligent as a consequence of an injury to a prisoner caused by a city policeman slamming the cell door on a prisoner’s finger. The prisoner at the time, however, was so completely intoxicated that he was able to walk only with the officer’s assistance. Liability was not recognized, however, in Manuel v. United States Fire Insurance Company, supra, under a factual situation somewhat different from the Kimbrell case. Each case necessarily depends upon the degree of intoxication and the ability of the person to take precautions for his safety.
The thrust of plaintiff’s argument seems to rest upon those allegations of the petition which allege that when it was closing time at Sak’s about 1:30 A.M., at which time the petitioner was mentally and almost physically helpless, the defendant with knowledge of this condition required him to leave the building and as a consequence thereof petitioner was turned out on the defendant’s premises adjacent to Highway 80 and from this point wandered onto the highway where he was run down by a vehicle at a point “slightly southerly of Sak’s”. These allegations disclose beyond peradventure of doubt that plaintiff was not physically injured by defendant. Upon leaving presumably he was able to walk without assistance and did by wandering *385 away from a point of safety beyond the premises of defendant.
The law presumes that the instinct of self-preservation will cause a person to exercise due care and to avoid exposing himself unnecessarily to harm. Pegnaud v. Texas & New Orleans Railroad Company, La.App., 136 So.2d 123 (3rd Cir. 1961); Sonnier v. Texas & New Orleans Railroad Company, La.App., 136 So.2d 130 (3rd Cir. 1961); Pelican Creamery, Inc. v. Texas & New Orleans Railroad Company, La.App., 136 So.2d 131 (3rd Cir. 1961). It is only when the individual is incapable of self-protection that others are legally responsible for his safety. Plaintiff herein had removed himself from a place of safety where, had he remained, he would have avoided the injury. Under these circumstances did the defendant have a continuing legal duty to follow and protect plaintiff simply because he had become intoxicated in his place of business? We do not think so.
For the foregoing reasons the judgment sustaining the exception of no cause of action is affirmed at appellant’s cost.