HALL, Judge.
Plaintiff brought this action in tort for damages against several defendants, including National Surety Corporation, the public liability insurer of her husband’s automobile. An exception of no cause of action filed by National Surety Corporation was maintained by the Trial Court and the suit as to this defendant was dismissed at plaintiff’s cost. Plaintiff prosecutes this appeal from that judgment. The suit as to the other defendants is still pending in the Trial Court.
The allegations of plaintiff’s petition, insofar as they affect National Surety Corporation, are as follows:
That at about 6:05 P.M. on July 14, 1965, she was a guest passenger in an automobile operated by her husband. That at the aforesaid time and date her husband brought the vehicle to a stop directly in front of the J. C. Penny Company store which is situated within the area of the "“Carrollton Shopping Center” in the City of New Orleans. That after alighting from the automobile she “took one or two steps toward defendant Penny’s Store” whereupon she tripped over a “large obstruction on the surface” of the parking lot, the same being a “cement marker and bumper,” and fell to the ground sustaining severe personal injuries.
Plaintiff charged negligence in the maintenance in that locality of cement markers and bumpers upon other defendants not parties to this appeal. She charged her husband, National Surety Corporation’s insured, with negligence in the following particulars, to-wit:
“1. Failing to provide notice of said cement markers and bumpers.
2. Discharging a passenger in an unsafe and dangerous position.
3. Negligently creating a trap for petitioner by discharging her too close to said cement markers.
4. Stopping his car in a no-parking lane.
5. Negligently failing to warn petitioner of the dangers of alighting at the point at which the accident happened.
6. Causing petitioner to alight too rapidly because of the existing traffic and all other circumstances then and there existing.”
Plaintiff’s allegations of negligence against her husband do not bear scrutiny. We take judicial cognizance of the fact that in mid July it is still daylight in New Orleans at 6:05 P.M. If, as she alleged, the cement marker and bumper over which she fell was a “large obstruction on the surface” of the parking lot, its presence should have been obvious to plaintiff and there would have been no need for her husband to call her attention to it. What was visible to him could have been seen by her. His failure to warn her of the obvious was not negligence on his part.
 Plaintiff was not in the process of alighting from the car when she- tripped *383 over the bumper. The allegations of her petition show that she had already alighted safely and had taken “one or two steps” away from the car, consequently her husband cannot be held to have discharged her in “an unsafe and dangerous position.” Neither can he be held to have created “a trap * * * by discharging her too close to said cement markers.” The cement markers according to plaintiff’s allegations were “a large obstruction on the surface of the parking lot.” The “obstruction” was plainly visible and could have been seen by her after she alighted from the car. Her husband’s car was not brought to a stop too close to the “obstruction” so as to contribute a trap for her.
If plaintiff’s husband stopped the car in a no-parking lane that fact had nothing to do with her accident, and, obviously, if her husband caused her “to alight too rapidly” from the automobile this was not a proximate cause of the accident, as it happened after she had descended from the automobile and had proceeded to walk away therefrom.
Plaintiff’s charges of negligence against her husband are mere conclusions of the pleader and have validity only insofar as they are based upon the facts alleged in her petition. Considering the fads alleged by her we are of the opinion that her charges of negligence are totally lacking in substance.
Furthermore plaintiff alleged in paragraph 17 of her petition:
“ * * * that a direct and proximate cause of her fall was that her attention was attracted by a display of merchandise designed, arranged and constructed by J. C. Penny at the entrance to said premises and in show cases adjacent to said entrance, to attract and hold her attention, to the exclusion of exacting observation of the cement markers [and] pleads the doctrine of momentary diversion and attention arresters.”
Plaintiff’s petition does not in our opinion state a cause of action against her husband and consequently does not state a cause of action against his insurer. But pre-supposing any possible negligence on the part of her husband her petition affirmatively shows that the proximate cause of the accident was that her attention (through no fault of her husband) was riveted on the store display and she was not paying any attention to where she was walking. Plaintiff’s petition affirmatively shows contributory negligence on her part sufficient to bar any recovery against her husband’s insurer. See Jolly v. Travelers Ins. Co., La.App., 161 So.2d 354.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.