FRUGÉ, Judge.
This is an appeal from a judgment sustaining an exception of no cause or right of action against the plaintiff.
On or about February 7, 1966, Mrs. John D’Amico and her domestic maid, Ella Mae Johnson, were alone in the D’Amico residence at Paris Street in the City of Alexandria. At approximately 3:00 p. m., on the afternoon of February 7, a fire and explosion occurred at the D’Amico residence as a result of which both Mrs. D’Amico and Ella Mae Johnson sustained fatal injuries.
This suit was brought on behalf of the surviving husband and major and minor heirs of Ella Mae Johnson, seeking damages for her death. At the time of the accident, the defendant, Aetna Insurance Company, had issued a homeowner’s policy to Mr. John D’Amico.
The only issue for our determination is whether the petition or petitions of plaintiff have stated a cause of action so as to allow him his day in court.
In its judgment, the trial court found that the petition of plaintiff was “most inarticulately drawn”. After considering each article of plaintiffs’ petition, the trial court found that the petition stated no cause of action, and therefore it dismissed plaintiffs’ suit at their cost. With this finding, we are constrained to disagree.
A close reading of the petition and supplementary petition reveals that they are most awkwardly drawn. Yet, where a cause is stated, inarticulation in the wording of a petition should not be cause to deny one a chan.ce to prove his case. Inarticulation is more the subject of an exception of vagueness.
Considering both petitions together we find that the major elements of the pe *565 tition for plaintiffs’ cause can be found in the following allegations:
-4-
“Petitioners allege that his wife and the minor’s mother died from injuries sustained while employed by Mrs. John D’Amico at 2117 Paris Street in the City of Alexandria, State of Louisiana. That the said residence * * * was insured * * * [by] Aetna Insurance Company. ifc ifc ifc »
-5-
“Petitioners show that Ella Mae Johnson was employed as a maid under orders to carry out any duty or work by her employer, Mrs. John D’Amico.
-6-
(Amended Petition)
“ * * * Defendant’s insured, Mrs. John D’Amico, furnished decedent, Ella Mae Johnson, her maid, a can of white gasoline to loosen the wax on her floor, when she knew or should have known that the gasoline or fumes from same were highly explosive, especially in a room adjacent to pilot lights and switches which could set off an explosion and fire.
-7-
“Petitioner shows that adjacent to the combination kitchen living-room and dining room where they were working, was situated the pilot-light from the stove, from the hot-water-heater, and a spark from cutting off and on from the refrigerator could have ignited the fumes, and the cutting on of the switch to the floor heater and pilot light of the floor furnace could have caused the ignition of the fumes from the substance used.
-8-
“Petitioner shows that between 2:45 p. m. and 3:00 p. m. Ella Mae Johnson was ordered to clean or to remove the wax or other substance from the floor with the substances which gave off fumes which could have been ignited by the pilot light or switch as shown herein. Petitioner shows that between 2:45 p. m. and 3:00 p. m. the substance became ignited and engulfed both Ella Mae Johnson and Mrs. John D’Amico in flames causing the burns which later caused their death.
-9-
“Petitioner avers that the aforesaid accident, giving rise to the damages herein sued for, was an occurrence of such nature as in the ordinary course of events does not happen if due care has been exercised, and that the happening of the accident and resulting injuries raises a presumption of negligence, fault and want of due care on the part of defendant’s insured and that the burden should rest upon said defendant and his insured upon the trial of this cause to prove freedom from fault in the premises; petitioner expressly pleads the applicability of the doctrine of res ipsa loquitur herein.
-l(h-
“In the alternative * * * [as to] negligence, fault or want of due care on the part of defendant’s insured, petitioner avers the following:
ifc * * * * *
-12-
(Amended Petition)
“ * * * [T]hat Mr. [Mrs.] John D’Am-ico, furnished decedent, Ella Mae Johnson, her maid, a can of white gasoline to loosen the wax on her floor, when she knew or should have known that the gasoline or fumes from same were highly explosive, especially in a room adjacent to pilot lights and switches which could set off an explosion and fire.
;fc sfc ifc ' ifc ifc ifc
-15-
(Amended Petition)
“ * * * [T]hat defendant’s insured was negligent in not providing the proper safe *566 guards to protect her maid who was under her supervision. That she knew or should have known that in the winter time when a house is closed that it is important to open the house before using dangerous substances in the house. That the work was carried out in a grossly dangerous and un-workman-like manner.
-15-
“And in the alternative, petitioner shows that the fire and explosion and the burns, and the resulting pain and suffering, and the resulting death were caused by acts of negligence, the specific nature of which is unknown to petitioner, but which is peculiarly within the knowledge of defendant’s insured, and petitioner is entitled to the benefit of the doctrine of res ipsa loqui-tur.”
The test to be applied, in judging whether an exception of no cause of action is to be sustained, was noted in the case of Acadia-Vermilion Rice Irrigating Co. v. Brous-sard, 175 So.2d 856, 857 (La.App.3d Cir., 1965), wherein this court said:
“ * * * As we stated in Babineaux v. Southeastern Drilling Corporation, 170 So.2d 518 (La.App.) ‘an exception of no cause of action must be overruled unless the showing affirmatively establishes that under no evidence admissible under the pleadings does the plaintiff have a cause of action; that is, unless the allegations’ showing excludes every reasonable hypothesis of facts other than those showing that the plaintiff cannot recover as a matter of law.’ ”
See also Stanley v. Missouri Pacific Railroad Co., 179 So.2d 490 (La.App.3d Cir., 1965); Blanchard v. Employers Liability Assurance Corp., 197 So.2d 386 (La.App.2d Cir., 1967) and Verret v. Travelers Insurance Company, 216 So.2d 379 (La.App.3d Cir., 1968).
Under the test noted above, we cannot say in all fairness “that under no evidence admissible by the plaintiffs does the plaintiff have a cause of action”. For that reason, the judgment of the district court maintaining the exception of no cause of action must be reversed and the case be remanded for further proceedings.
The defendants alleged in their exception of no cause of action, in the alternative, that the petition of plaintiff clearly revealed contributory negligence on the part of plaintiff or an assumption of risk, and that on these grounds the exception should be sustained.
In the case of Gilliam v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913 at page 915 (1960), our Supreme Court laid down the test to be applied in judging such an allegation. Justice McCaleb, as organ for the court, stated the following :
“ * * * However, in order for a suit to be dismissed on an exception, it must appear not only that the negligence of plaintiff has been affirmatively alleged but also that the recitals of the petition are such as to exclude every reasonable hypothesis other than that such negligence was the proximate cause of the accident. Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239. See also Gibbs v. Illinois Cent. R. Co., 169 La. 450, 125 So. 445 and West v. Ray, 210 La. 25, 26 So.2d 221.”
See also Jolly v. Travelers Insurance Co., 161 So.2d 354 (La.App.4th Cir., 1964); and Grayson v. American Brewing Company, 152 So.2d 850 (La.App.4th Cir., 1963).
Again, we are unable to say that the petitions of plaintiff exclude every reasonable hypothesis other than that plaintiff’s contributory negligence was a proximate cause of the accident.
Applying the same rule to the alternative allegation of assumption of risk, we find no grounds for maintaining defendants’ exception on the basis that plaintiffs’ petition revealed only assumption of risk.
*567 For the foregoing reasons, the judgment of the trial court sustaining the exception of no cause of action and dismissing plaintiffs’ suit at his cost is hereby overruled and said case is remanded to the lower court for further proceedings. Costs of this appeal to be paid by defendant-appellees; all other costs are to abide the final disposition of the case.
Reversed and remanded.
On Application for Rehearing.
En Banc. Rehearing denied.