BOUTALL, Judge.
This is a tort action instituted by the plaintiff seeking damages for personal injuries he sustained as the result of being struck by an automobile after alighting from a taxicab on February 5, 1965, between approximately 9:00 and 9:30 P.M. in the 2300 block of St. Louis Street, New Orleans, Louisiana.
Suit was filed against Fireman’s Fund Insurance Company and its insured, Morris Jackson, the driver of the automobile which struck plaintiff; the taxicab company, its driver, George Andrews, and the taxicab insurer, St. Louis Fire & Marine Insurance Company.
Prior to trial on the merits, Fireman’s Fund Insurance Company and its insured, Morris Jackson, compromised the matter with the plaintiff and were voluntarily dismissed from this suit.
After reviewing the lower court transcript, the following summation can be made of the facts of the case.
Prior to the accident, the plaintiff, Henry Shelts, had for some time that day been imbibing in a bar in the 2900 block of Per-dido Street. Approaching nine of the clock, the plaintiff determined that he had had at least his fill and called for a taxicab to drive him home. As per his call, a Logan taxicab, driven by one George W. Andrews, was dispatched to the above mentioned bar and picked up his ‘fare’ at approximately 9:00 P.M. Following his passenger’s instructions, Andrews delivered plaintiff to the 2300 block of St. Louis Street and deposited him safely in a warehouse parking area across the street from his residence. At this juncture, it should be noted that the downtown or Esplanade Avenue side of St. Louis Street contains warehouses and/or railroad sheds but no residences. The uptown or Canal Street side of St. Louis Street is comprised of residences, wherein plaintiff resided at 23161^ St. Louis Street. The taxicab driver was proceeding in a lakebound direction and was thus on the warehouse side of the street. He then parked on that side, off the street, on a paved area used for unloading trucks, directly across from plaintiff’s residence. From the testimony of the witnesses at the trial, it was established that the plaintiff, after paying his fare, had egressed from the taxicab on the right-hand side adjacent to the warehouses and proceeded around the front of the taxicab to converse with the driver, standing on the driver’s or street side of the cab. After some few minutes the plaintiff raised his coat over his head (as it was raining that evening) and proceeded to cross the street. At about midway across the street, plaintiff was struck by the automobile driven by Morris Jackson.
Aside from the plaintiff, Henry Shelts, there were three other witnesses to this accident, namely George W. Andrews, the taxicab driver; Morris Jackson, the driver of the vehicle which struck the plaintiff; and Margaret Ann Johnson, a neighbor of the plaintiff.
The testimony of the plaintiff’s witness, Margaret Ann Johnson, not only contravenes the testimony of the defense witnesses but is in substantial conflict with the plaintiff’s testimony and it is for precisely these reasons that the trial court judge apparently afforded no great weight to this *670 witness’ statements and we are duty bound to do likewise. In Young v. Fryoux, 222 So.2d 638 (La.App. 4th Cir. 1969), we held that the trial judge evidently accepted the version of the accident as testified by the defendant and the defendant’s witness. On questions of fact involving credibility of witnesses the trial judge will be reversed only when manifestly erroneous.
As this Court has repeatedly stated while the Courts of Appeal are duty bound to consider both law and fact, we should accord such weight to factual findings of the lower court as they deserve and thus avoid retrying cases from the record, particularly if the outcome was influenced by the credibility of witnesses appearing before the trial judge who has the duty to evaluate their testimony. LSA-Const. Art. 7, § 29; Ebert v. Macaluso, 248 So.2d 355 (La.App. 4th Cir. 1971), Writ refused La., 252 So.2d 455 (1971); Reynolds v. Hartford Accident & Indemnity Company, 228 So.2d 76 (La.App. 2nd Cir. 1969); Writ refused 255 La. 148, 229 So.2d 732 (1970).
The primary import of plaintiff’s argument urged upon this Court is that as a matter of law a taxicab company, as a common or public carrier, must exercise the highest degree of care to transport its passenger safely to his destination, and any infraction or dereliction of that duty, however slight, which has a casual connection with the accident renders the carrier and its operator liable. Hopkins v. New Orleans Railway & Light Co., 150 La. 61, 90 So. 512 (1922); Le Blanc v. Sweet, 107 La. 355, 31 So. 766 (1901); Duane v. Toye Bros. Yellow Cab Company, 148 So.2d 451 (La.App. 4th Cir. 1963); Dickson v. Yellow Cab Co. of Shreveport, 61 So.2d 230 (La.App. 2nd Cir. 1952) ; Eleazar v. Illinois Cent. R. Co., 24 So.2d 387 (Orl.App. 1946); Upton v. Bell Cabs, 154 So. 359 (Orl.La.App.1934) ; Julien v. Captain and Owners of Steamer Wade Hampton, 27 La.Ann. 377 (Orl.App.1875). Plaintiff further contends that this duty is even greater when the passenger is disabled by intoxication and this disability or incapacity is known or should be known to the operator. Johnson v. New Orleans Public Service, Inc., 139 So.2d 7 (La.App. 4th Cir. 1962) ; Cox v. Toye Bros. Yellow Cab Co., 144 So.2d 448 (La.App. 4th Cir. 1962).
With this line of jurisprudence, this Court is in accord. However, prior to casting the defendants liable, it must be shown that the defendants breached this great duty by some commission or omission and that such was a proximate cause of the injury. The burden of proving the degree of intoxication and the causal connection between plaintiff’s injuries and the alleged negligence of the operator of the taxicab is upon the plaintiff.
In the case at bar the plaintiff has, by his own testimony, negated his allegation that he was in such an intoxicated condition as to be rendered helpless and in need of further aid from the operator. Plaintiff’s testimony relative to the events prior to, during and following the accident obviously convinced the trial judge that he was capable of exercising prudent conduct to protect himself and this he failed to do. The trial judge concluded that the negligence of Morris Jackson was the proximate cause of the accident which resulted in injuries to the plaintiff. In his reasons for judgment the trial judge stated:
“ * * * There is no evidence before the Court sufficient to convince the Court that negligence of the taxi driver in permitting this plaintiff to get out of his cab was such negligence as would make him guilty as a joint tort feasor. The evidence before me is that (while) the plaintiff, (and) while the taxicab driver in a statement made to the insurance company, said he was drunk, the testimony is that he had been drinking and that he could walk and he could talk and that evidence is corroborated by the plaintiff himself who remembered everything that went on on the night of the accident, therefore he could not have been in such an intoxicated condition that it was palpably unsafe to let him out in the street.”
*671 Because of this finding of fact, we conclude that the plaintiff was not so incapacitated as to create a higher degree of care in the carrier. Thus, the carrier, the taxicab company, had discharged its obligation to the plaintiff when it carried him to his destination and discharged him at a safe landing place, which the evidence shows was done. At this time, the plaintiff no longer occupied the status of a passenger of defendant’s taxicab, and thus defendant’s duty as a common carrier was at an end. Schenker v. Randle, 209 So.2d 327 (La.App. 4th Cir. 1968); Johnson v. New Orleans Public Service, Inc., 139 So.2d 7 (La.App. 4th Cir. 1962); Gaines v. Aetna Casualty & Surety, 110 So.2d 851 (La.App. 1st Cir. 1959).
Accordingly, the judgment appealed from is affirmed at plaintiff-appellant’s costs.
Affirmed