314 So.2d 550 (1975)
Ladene K. PENCE
v.
Dewey Kelley KETCHUM et al.
No. 10263.
Court of Appeal of Louisiana, First Circuit.
May 19, 1975.
Rehearing Denied June 30, 1975.
Writ Granted September 25, 1975.
*551 Paul H. Due, Baton Rouge, for appellant.
Joseph W. Cole, Jr., Port Allen, for defendants-appellees Victor J. Silvio and Anthony J. Silvio.
Robert J. Vandaworker, Baton Rouge, for defendants-appellees Dewey Ketchum and Alabama Farm Bureau Mut. Cas. Ins. Co., Inc.
Before SARTAIN, ELLIS and BARNETTE, JJ.
ELLIS, Judge.
Plaintiff Ladene K. Pence is seeking damages for personal injuries suffered when she was struck by an automobile operated by Dewey Kelley Ketchum, while she was attempting to cross U.S. Highway 190 in East Baton Rouge Parish. In her petition, she alleges that her injuries were caused by the negligence of Mr. Ketchum in various respects, and, alternatively, by the joint and concurrent negligence of Mr. Ketchum and of Anthony J. Silvio and Victor J. Silvio. The petition states that the Messrs. Silvio:
". . . at the time of the accident were the owners and operators of a bar located on Highway 190 in West Baton Rouge Parish, known as the Candlelight Inn, in that said defendants and their agents, employees and representatives forced plaintiff to leave the Candlelight Inn premises when they knew or reasonably should have known that she was in no condition, due to her state of intoxication, to be placed on the busy Highway 190, in disregard of their duties owed to a patron and customer such as plaintiff after the personnel running the Candlelight Inn had served plaintiff an excessive amount of alcoholic beverages, which consumption by plaintiff of an excessive amount of alcoholic drinks was encouraged and coaxed by employees of Candlelight Inn, all resulting in plaintiff being in a helpless state when she was forced to leave the Candlelight Inn and permitted by one or both of the defendant owners or their employees to attempt to cross the highway when she was unable, due to her impaired condition, to do so."
Exceptions of no cause of action were filed by the defendants Silvio. After a hearing, both exceptions were maintained, and plaintiff's suit was dismissed as to *552 those defendants. From the judgments of dismissal, plaintiff has appealed.
It is an established principle that voluntary intoxication cannot relieve one of responsibility for his own negligence. A voluntarily intoxicated person is bound to exercise the same degree of care for his own safety as is a sober person. If he places himself in a position of peril as a result of his intoxication, and is injured, he is generally held to be guilty of negligence which is a bar to his recovery. Lee v. Peerless Insurance Co., 175 So.2d 381 (La.App. 2 Cir. 1965); Manuel v. United States Fire Insurance Co., 140 So.2d 702 (La.App. 3 Cir. 1962).
The duty of care on the part of a voluntarily intoxicated person has been relaxed only in some cases in which the intoxicated person was in the care or custody of another who owed him a duty of protection. Barlow v. City of New Orleans, 257 La. 91, 241 So.2d 501 (1970); Shelts v. Jackson, 254 So.2d 668 (La.App. 4 Cir. 1971).
It is plaintiff's principal argument herein that defendants owed her a duty of protection as a consequence of R.S. 26:88(2), which provides:
"No person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
"(2) Sell or serve alcoholic beverages to any intoxicated person."
It is contended that this statute was enacted for the protection of intoxicated persons, and that violation of its terms renders the seller civilly liable to the intoxicated person who is subsequently injured as a result of his intoxication.
The question has already been considered and decided adversely to plaintiff's position in Lee v. Peerless Insurance Company, 248 La. 982, 183 So.2d 328 (1966). In that case, which is factually identical to this one, the court held that there was no legislative intent in R.S. 26:88(2) to create a right to recover civil damages in those who were not otherwise entitled to recover.
Plaintiff recognizes that the Lee case is dispositive of the issues herein, but urges that it is not binding on us under the doctrine of jurisprudence constante. He urges that a more modern approach to the case would lead to a different result.
We concede that the reasoning and the legal principles adopted in the majority opinion in the Lee case are not in the civilian tradition. However, the court held that R.S. 26:88(2) was not intended to create a duty on the part of the seller to protect the intoxicated purchaser from the consequences of his intoxication. Absent this duty, plaintiff's entire argument is without any basis. It is not suggested by plaintiff that the seller's duty would arise from any other source in our law.
We therefore find that plaintiff has failed to allege a cause of action. It is not suggested that any amendment to the petition would change the legal position, and plaintiff has not requested that opportunity.
The judgment appealed from is affirmed, at plaintiff's cost.
Affirmed.
BARNETTE, Judge (concurring).
I am in complete agreement with the foregoing opinion and the decree affirming the judgment sustaining the exceptions of no cause of action and dismissing plaintiff's suit. This Court could not hold otherwise in view of the opinion of the Supreme Court in Lee v. Peerless Insurance Company, 248 La. 982, 183 So.2d 328 (1966), which is completely dispositive of the issues raised by the pleadings in this case.
*553 Whether or not the plaintiff could successfully carry the heavy burden of proof which her pleadings impose upon her is not the question, but whether she has alleged a cause of action against the defendants. On this question I am strongly influenced by the dissenting opinion of Justice (now Chief Justice) Sanders in the Lee case.
It has been my opinion for many years that a saloon keeper or tavern proprietor or night club operator who is in the business primarily of serving intoxicating liquor to a patron, whom he has induced for reasons of profit to consume his wares to the extent of drunkenness beyond the point of self protection or to be a menace to the safety of other persons, owes a special duty of care to avoid or lessen the chances of injury to his drunk patron or others who may be endangered by his erratic behavior.
I agree with Justice Sanders that LSA-R.S. 26:88(2) imposes a statutory duty on the seller of alcoholic beverages not to serve intoxicating liquors to an already intoxicated person. I agree that "such a prohibition is consistent with the demands of ordinary prudence." Otherwise there would be no reason for the enactment of such a prohibition. The enactment of that section of the law simply reenforces and emphasizes that which reason suggests is a moral obligation from which a duty might be imposed even without statutory declaration. The violation of that statutory prohibition, seems to me to be sufficient cause to inquire into the consequence of such violation.
I stated at the outset that I am in concurrence with the opinion and the decree for the reason that this Court must follow the decision of the Supreme Court in Lee v. Peerless Insurance Company, supra. It is my hope however that the question will again reach the Supreme Court and a reconsideration then be given to this issue.
I concur in the opinion and decree.