O’NIELL, J.
The plaintiff has appealed from a judgment of the district court rejecting his demand for damages for alleged humiliation and alleged injury to Ms reputation. He avers that, while he was peacefully attending a performance in the defendant’s theater, the superintendent unjustly accused him of being drunk and-of using loud and boisterous language, and without just cause had him ejected from the theater by a police officer.
[1-3] During a matinee performance at which the plaintiff and a companion occupied seats in the third row from the rear of the parquet, some one in the audience became boisterous and loudly addressed a remark to one of the performers. The plaintiff and Ms witnesses say it was done by some one a few rows in front of him. The superintendent and an usher insist that the disturbance was made by the plaintiff. Be this as it may, the superintendent, who was standing close by, believing that the plaintiff had committed the disturbance, and, being so assured by one of the ushers, walked over and placed his hand upon the plaintiff’s shoulder and requested Mm to be quiet. Tbe plaintiff and Ms companion say that the superintendent thereupon accused the plaintiff of being drunk, and said that if be did not cut out tbe noise he would be put out of the house. The superintendent and the usher deny that the former said or did anything more than to politely request the plaintiff to he quiet. No one heard what was then said except the plaintiff, his companion, the superintendent, and the usher. The superintendent immediately returned to his place in the foyer, and, a moment later, the plaintiff followed him there and remonstrated with him, saying that he (the superintendent) had made a mistake, that he (plaintiff) had not created any disturbance, and asking why the superintendent had not got after the guilty person. The plaintiff and his witnesses say that the superintendent then caught the plaintiff by the arm, again accused him of being drunk, and attempted to eject him from the theater; and that the plaintiff only said: “I have done nothing; if you want to put me out, get a policeman.” The defendant’s witnesses, on the contrary, say that, while the plaintiff was remonstrating loudly with the superintendent, the latter did nothing more than to put Ms hand upon the plaintiff’s arm and say politely; “That is all right; be quiet and go back to your seat.” They say that the plaintiff continued disturbing tbe audience until tbe police officer arrived and the two walked out of *27 the theater. It is admitted by the plaintiff that he did not return to his seat, and it is admitted by the superintendent that he sent for the police officer, who was in the upper balcony.
The plaintiff and his witnesses say that the police officer took hold of him and escorted him out of the theater, accusing him of being drunk. The defendant’s witnesses deny all of this. The police officer says that, when he arrived in the foyer, the plaintiff was talking very loudly, disturbing the audience, and, addressing the officer and referring to the superintendent, said: “This man is getting onto me and saying I am making a noise, and I am not.” The officer told him to shut up or leave the theater. The officer says that the plaintiff persisted in his loud talk while he (the officer) tried to quiet him, and that the plaintiff walked out of the theater ahead of the officer.
The superintendent and the police officer deny that either of them accused the plaintiff of being drunk, and their testimony is corroborated by that of other witnesses who were in a position to hear the accusation if it was made.
There is considerable doubt that the plaintiff was guilty of the original disturbance, but the superintendent, believing that the plaintiff was the guilty party, was acting within the proper performance of his duty when he requested him to be quiet. The plaintiff or his companion did not then tell the superintendent that he was mistaken, or that some one in front of them had made the noise. There was no one else in that section of the parquet who could have seen or heard the superintendent address the plaintiff in his seat except two ladies, who were two rows behind the plaintiff. Testifying in his behalf, they say they thought nothing of that incident, and that their attention was not distracted from the performance until the plaintiff arose and followed the superintendent back to the foyer. Our conclusion is that it was the plaintiff’s going back into the foyer and provoking the disturbance with the superintendent that brought on whatever humiliation he suffered.
The judgment appealed from is affirmed at the cost of the appellant.