## GORMAN et al. v. UNITED THEATRES, Inc.

### No. 16777.

Court of Appeal of Louisiana. Orleans.

Dec. 13, 1937.

Rosen, Kammer, Wolff & Farrar and Nolan Kammer, all of New Orleans, for appellant.

Adam H. Harper and Alexander C. Granzin, both of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a suit by James and Josephine Gorman for the use of their minor son, August Gorman, in which it is alleged that he was forcibly and illegally ejected from the Folly Theatre on April 16, 1936, by Glenn Smith, an employee of the United Theatres, Inc., the proprietor. Smith is alleged to have pulled young Gorman out of his seat and to have thrown him to the floor and thereafter to have dragged him to a private room, where he administered a beating, following which Smith removed him from defendant's theatre with unnecessary violence. Five hundred dollars is claimed as damages, one half of which is for physical pain and suffering and the other half for mental anguish and humiliation.

Defendant admitted that plaintiffs' minor son had been put out of its theatre, but denied any unnecessary force, or violence had been used, or beating administered.

There was judgment below in plaintiffs' favor in the sum of $75, and defendant has appealed.

■ The law is well settled that a theatre ticket is a license which may be revoked at the pleasure of the proprietor of the theatre, without giving any reason therefor, and the possessor of the ticket may be required to leave the theatre by force if necessary.

■ "In England, where a ticket to a theatre is not revocable, the holder of a ticket who is behaving himself properly and is forcibly removed from the theatre may recover substantial damages therefor in an action of tort. In America, where the ticket is revocable, where, on revocation, no more force is used than is necessary to prevent the ticket holder from entering and to remove him after entering, he may maintain an action for breach of contract, but this is his only remedy. An action of tort will not lie." 62 Corpus. Juris, p. 862. See, also, Russo v. Orpheum Theatre & Realty Co., 136 La. 24, 66 So. 385, L.R.A.1915B, 1119.

■■ The version of the occurrence as given by young Gorman is to the effect that he was a spectator in the Folly Theatre on the night of April 16, 1936; that it was "Bank-Nite" and a drawing was

about to be made for a money prize; that, as was usual on such occasions, considerable noise and confusion existed in the theatre, and that he, Gorman, was unjustly charged with having participated in the disturbance; that Glenn Smith, an usher employed by defendant, who was prejudiced against him, ordered him to "cut it out"; that he denied responsibility for the commotion, whereupon Smith grabbed him by the arm, pulled him out of his seat and that, when he tried to pull away from Smith, Smith hit him in the back and chest and knocked him down; that Smith picked him up and brought him into a room in the theatre and beat him with his fists, with the result that he sustained a bruise on his chest near the left nipple.

The only witness who may be said to have corroborated Gorman was a friend by the name of Leo Alonzo. This witness testified that he heard one of the seats in the theatre fall, turned around, and saw Smith and Gorman coming up the aisle and "Glenn looked like he punched August and he fell to the floor and he dragged him into the room."

As against this showing by the plaintiffs, the defendant produced six witnesses who were present during the occurrence. Two of these witnesses were patrons of the theatre and the others employees. The statement of all of these witnesses is substantially the same and to the effect that Gorman was creating a disturbance and, after having been twice requested to be quiet, Smith put him out of the show; that, when Smith approached him for the purpose of ejecting him, Gorman resisted and attempted to strike Smith, who, in order to protect himself, held Gorman's arms while leading him up the aisle. They positively state that Smith at no time attempted to strike Gorman. There is some evidence to the effect that Gorman fell while being removed from the theatre, and this may account for his injury to his breast, but we are convinced, by the overwhelming preponderance of the testimony, that no unnecessary violence was used.

It is the duty of the proprietor of a theatre or other place of public entertainment to maintain order and decorum to the end that his patrons may witness the performance without boisterous or otherwise offensive interruption. To accomplish this purpose he may lawfully expel any person guilty of disorderly conduct with such force as is necessary. Russo

v. Orpheum Theatre & Realty Co., supra. We are satisfied that defendant's servant did nothing more than his duty in this instance and that consequently his master cannot be held responsible in damages for any injury to Gorman, if, indeed, injury may be said to have resulted from his expulsion from defendant's theatre.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of defendant dismissing plaintiffs' suit at their cost.

Reversed.