326 So.2d 831 (1976)
Ladene K. PENCE
v.
Dewey Kelly KETCHUM et al.
No. 56668.
Supreme Court of Louisiana.
January 19, 1976.
Dissenting Opinion February 20, 1976.
*833 John W. deGravelles, Due & Dodson, Baton Rouge, for plaintiff-applicant.
Robert J. Vandaworker, Baton Rouge, Joseph W. Cole, Jr., Port Allen, for defendants-respondents.
SANDERS, Chief Justice.
Plaintiff, a patron of a bar, brought this action against the owners of the bar and another to recover damages for injuries sustained when she was struck by an automobile after being ejected from the bar in an intoxicated condition. The district court dismissed the suit on an exception of no cause of action filed by the owners of the bar. The Court of Appeal affirmed the district court, 314 So.2d 550 (1975), relying upon our holding in Lee v. Peerless Insurance Company, 248 La. 982, 183 So.2d 328 (1966). We granted writs, La., 319 So.2d 440 (1975), to reconsider the legal issues raised.
The ultimate question before us is whether the petition states a cause of action for damages against the defendants. We hold that it does.
In Louisiana liberal rules of pleading prevail. Each pleading should *834 be so construed as to do substantial justice to the parties. LSA-C.C.P. Art. 865. When the Court can reasonably do so, it will maintain a petition so as to afford the litigant an opportunity to present his evidence. Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971); Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776 (1961); and authorities cited therein.
In ruling upon the peremptory exception of no cause of action, all wellpleaded facts in the petition must be taken as true, and, if the allegations set forth a cause of action in any respect, the exception must be overruled. Eschete v. City of New Orleans, supra; Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961).
In Elliott v. Dupuy, supra, this Court held:
"It is well settled that an exception of no cause of action addresses itself to the sufficiency in law of the petition and is triable on the face of the papers; that for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true, and that a suit will not be dismissed on exception of no cause of action if allegations of fact set forth a cause of action as to any part of the demand."
In the present case, plaintiff seeks damages for personal injuries she suffered when she was struck by an automobile operated by defendant Ketchum as she was attempting to cross U.S. Highway 190 in West Baton Rouge Parish. She alleges that her injuries were caused by the negligence of Ketchum and, alternatively, by the joint and concurrent negligence of Ketchum, Anthony J. Silvio and Victor J. Silvio. The petition alleges that the Silvio defendants:
". . . at the time of the accident were the owners and operators of a bar located on Highway 190 in West Baton Rouge Parish, known as the Candlelight Inn, in that said defendants and their agents, employees and representatives forced plaintiff to leave the Candlelight Inn premises when they knew or reasonably should have known that she was in no condition, due to her state of intoxication, to be placed on the busy Highway 190, in disregard of their duties owed to a patron and customer such as plaintiff after the personnel running the Candlelight Inn had served plaintiff an excessive amount of alcoholic beverages, which consumption by plaintiff of an excessive amount of alcoholic drinks was encouraged and coaxed by employees of Candlelight Inn, all resulting in plaintiff being in a helpless state when she was forced to leave the Candlelight Inn and permitted by one or both of the defendant owners or their employees to attempt to cross the highway when she was unable, due to her impaired condition, to do so."
The Court of Appeal affirmed the dismissal as to the Silvio defendants, stating:
"The question has already been considered and decided adversely to plaintiff's position in Lee v. Peerless Insurance Company, 248 La. 982, 183 So.2d 328 (1966). In that case, which is factually identical to this one, the court held that there was no legislative intent in R.S. 26:88(2) to create a right to recover civil damages in those who were not otherwise entitled to recover."
Plaintiff's action is based upon Articles 2315 and 2316 of the Louisiana Civil Code, which provide:
"Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. . . ."
"Art. 2316. Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."
*835 In order to sustain a cause of action under these articles, the petition must adequately allege fault, causation, and damage. Eschete v. City of New Orleans, supra. Fault is a broad concept and, of course, includes negligence. LSA-C.C. Art. 2316. Negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm. It is a departure from the conduct expectable of a reasonably prudent man under like circumstances. Brown v. Liberty Mutual Insurance Company, 234 La. 860, 101 So.2d 696 (1958). For analysis, negligence is often divided into duty and breach of duty. Prosser, Law of Torts, § 30, p. 143 (4th ed. 1971).
We find that plaintiff's petition adequately alleges that defendants breached at least two duties they owed to plaintiff: the statutory duty of a retailer of alcoholic beverages not to serve alcoholic beverages to an intoxicated person and the duty of a business invitor to avoid affirmative acts increasing the peril of his intoxicated patron.
LSA-R.S. 26:88(2), applicable only to retailers of alcoholic beverages, prohibits a retailer from serving or selling such beverages to an intoxicated person. The statute was designed, at least in part, to protect intoxicated persons from their own helplessness and incompetence. It embodies a legislative judgment that an intoxicated person is a menace to himself. Moreover, in our opinion, the statute creates no higher standard of conduct than that generally required of a reasonable man under like circumstances. See Rappaport v. Nichols, 31 N.J. 188, 156 A.2d 1, 75 A.L.R.2d 821 (1959); Corcoran v. McNeal, 400 Pa. 14, 161 A.2d 367 (1960); 41 Tul.L.Rev. 182, 185 (1965).
Under the allegations of the petition, plaintiff falls within the protected class, and the risk encountered was of the type the duty was designed to prevent. Hence, a court can look to the statute as a standard for determining negligence, or fault, under Articles 2315 and 2316 of the Louisiana Civil Code. See Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970); Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962); Brown v. S. A. Bourg & Sons, Inc., 239 La. 473, 118 So.2d 891 (1960); Lee v. Carwile, La.App., 168 So.2d 469 (1964); Moses v. Mosley, La.App., 146 So.2d 263 (1962); Soronen v. Olde Milford Inn, 84 N.J.Super. 372, 202 A.2d 208 (1964); Schelin v. Goldberg, 188 Pa.Super. 341, 146 A.2d 648 (1958); Stone, Tort Doctrine in Louisiana: The Concept of Fault, 27 Tul.L.Rev. 1, 3-4 (1952); James, Statutory Standards and Negligence in Accident Cases, 11 La.L.Rev. 95 (1950).
A violation of the statute, causing harm to an intoxicated patron, gives rise to a viable cause of action. See, e.g., Elder v. Fisher, Ind., 217 N.E.2d 847 (1966); Ramsey v. Anctil, 106 N.H. 375, 211 A.2d 900 (1965); Majors v. Brodhead Hotel, 416 Pa. 265, 205 A.2d 873 (1965); Jardine v. Upper Darby Lodge No. 1973, Inc., 413 Pa. 626, 198 A.2d 550 (1964); Soronen v. Olde Milford Inn, supra; 41 Tul.L.Rev. 182, 184 (1965).
In Soronen v. Olde Milford Inn, supra, the New Jersey Court held:
"The duty to the visibly intoxicated persons is both common law and statutory. Intoxication is a state of impairment of one's mental and physical faculties due to overindulgence in alcoholic drink. A person in that condition is unable to exercise normal powers of judgment and prudence. He is a potential menace, not only to himself but to others. Common sense requires that a tavern keeper refuse to serve alcoholic drink to such a person. This common law principle is carried into our Alcoholic Beverage Control Act which, through implementing regulations, specifically prohibits a licensee from serving alcoholic drink to *836 a person actually and apparently intoxicated. We conclude that plaintiff's complaint sets forth a justiciable cause of action."
Some courts, however, have barred a cause of action under these circumstances on the theory that the consumption of the alcoholic beverage, not the act of the retailer in serving it, is the proximate cause of any injuries suffered by the intoxicated patron. See 48 C.J.S. Intoxicating Liquors § 430, p. 716. In our opinion, this theory is unsound.
The petition adequately alleges factual causation. The usual test is whether but for defendant's conduct the injury to plaintiff would have occurred. For a defendant's conduct to be actionable it must be a necessary antecedent of plaintiff's harm. It need not, however, be the sole cause contributing to the harm. Dixie Drive It Yourself Sys. v. American Beverage Co., supra. Hence, factual causation becomes an issue to be resolved at the trial.
Proximate cause, however, is often used in a different sense from factual causation. A consideration of the doctrine often requires a duty analysis. It requires a determination of whether or not the duty, statutory or non-statutory, is designed to protect the plaintiff from the event which did in fact occur. Insofar as the concept is pertinent here, it is satisfied by our legal conclusion that the risk and harm allegedly encountered fall within the scope of protection of the duty. Dixie Drive It Yourself Sys. v. American Beverage Co., supra; Annotation, 100 A.L.R.2d 942, 965  966; Prosser, Law of Torts, § 42, p. 244 (4th ed. 1971); Green, Rationale of Proximate Cause 142  144 (1927); McDonald, Proximate Cause in Louisiana, 16 La.L.Rev.391 (1956).
The second duty allegedly breached by defendants arises from the invitor-invitee relationship. The defendants cater to the public in their business operations. The standard of conduct to which they must conform is that of a reasonable man under like circumstances. LSA-C.C. arts. 2315, 2316. The patrons are drinking and, in some instances, drunken persons from whom unstable and erratic conduct is to be expected. Intoxication is a status which demands increased care to avoid injury to the inebriate and to satisfy the above standard. Kimbrell v. American Indemnity Co., La.App., 56 So.2d 880 (1952); 57 Am.Jur.2d, Negligence, § 87, p. 435; Malone, Contributory Negligence and the Landowner cases, 29 Minn.L.Rev. 61, 72 (1945).
The duty requires that defendant refrain from affirmative acts which increase the peril to his intoxicated patrons. If the defendant ejects an intoxicated patron into an environment made hazardous by known dangers, such as the highway in the present case, and foreseeable injury results, the invitor is guilty of actionable negligence. Weymire v. Wolfe, 52 Iowa 533, 3 N.W. 541 (1879); Houston v. Strickland, 184 Va. 994, 37 S.E.2d 64, 165 A.L.R. 537 (1946); Fagg's Adm'r v. Louisville & N.R. Co., 111 Ky. 30, 63 S.W. 580 (1901); Fagan v. Atlantic Coast Line R. Co., 220 N.Y. 301, 115 N.E. 704, L.R.A.1917E at 663 (1917); Johnson v. Louisville & N. R. Co., 104 Ala. 241, 16 So. 75 (1894); Bragg's Adm'x v. Norfolk & W. Ry. Co., 110 Va. 867, 67 S.E. 593 (1910); Prosser, Law of Torts § 56 at 343 (4th ed., 1971); Cf. Depue v. Flateau, 100 Minn. 299, 111 N.W. 1 (1907); Black v. New York, N.H. & H.R. Co., 193 Mass. 448, 79 N.E. 797 (1907).
Dean William L. Prosser, in his treatise, supra, summarizes the law as follows:
"[T]here is at least a duty to avoid any affirmative acts which make his situation worse . . . . There may be no duty to take care of a man who is ill or intoxicated, and unable to look out for himself; but it is another thing entirely to eject him into the danger of a *837 railroad yard; and if he is injured there will be liability."
In the present case, the petition alleges that the defendants and their employees knew of plaintiff's helpless condition but nonetheless ejected her from their place of business into an area adjacent to a busy highway. They then permitted her to attempt to cross the highway, where she was injured. As to this duty also, the petition alleges a cause of action, absent other overriding doctrines.
The Court of Appeal apparently concluded that the petition disclosed contributory negligence barring recovery as a matter of law. We disagree.
To warrant the dismissal of a petition on an exception pleading contributory negligence, the recitals of the petition must be such as to clearly show contributory negligence and to exclude every reasonable hypothesis of liability. Gilliam v. Lumbermen's Mutual Casualty Company, 240 La. 697, 124 So.2d 913 (1960); Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239 (1951).
The doctrine of Last Clear Chance is well-established in Louisiana and represents an exception to the general rule that contributory negligence bars plaintiff's recovery. Cassar v. Mansfield Lumber Co., 215 La. 533, 41 So.2d 209 (1949); Jackson v. Cook, 189 La. 860, 181 So. 195 (1938). Since it is evidentiary in nature, the doctrine need not be specially pleaded. Lemaire v. Pellerin, La.App., 102 So.2d 493 (1958).
If a person is in an advanced state of intoxication so as to render him helpless, or incapable of self-protection, the law accords him the benefit of the doctrine of Last Clear Chance. See Jackson v. Cook, supra; Blackburn v. Louisiana Ry. & Nav. Co., 144 La. 520, 80 So. 708 (1919); McGuire v. Vicksburg S. & P.R. Co., 46 La.Ann. 1543, 16 So. 457 (1894); Foxworth v. State Farm Mutual Automobile Ins. Co., La.App., 308 So.2d 348 (1975); Grennon v. New Orleans Public Service, Inc., 10 La.App. 641, 120 So. 801 (1929); Small v. Boston & M.R.R., 85 N.H. 330, 159 A. 298 (1932). An impressive collation of the decisions from all jurisdictions supporting this rule is found in 26 A.L.R.2d 308.
Plaintiff's negligence in becoming intoxicated had allegedly placed her in a condition of obvious helplessness. Defendants were aware of her peril. Nonetheless, the defendants failed to use an opportunity to avoid harm to the plaintiff. Hence, the petition leaves adequate room for the application of Last Clear Chance. Jackson v. Cook, supra; Weymire v. Wolfe, supra; Gaylord Container Corporation v. Miley, 230 F.2d 177 (U.S.5th Cir. 1956); Galvin v. Jennings, 289 F.2d 15 (U.S.3rd Cir. 1961); 2 Harper & James, Torts, § 22.13 at 1245  1246 (1956); 26 La.L.Rev. 510  511 (1966); 41 Tul.L.Rev. 182, 188 (1966).
In Weymire v. Wolfe, supra, a defendant saloon keeper expelled the intoxicated and helpless patron from a saloon at a late hour on an extremely cold night. The patron died of cold and exposure. The Iowa Court reversed a verdict in favor of defendant based on erroneous instructions, stating:
"The petition states, and the evidence tended to show, that Dunn was expelled from the saloon at a late hour of the night, drunk and unconscious, and died by reason of exposure and cold. If it should be conceded that Dunn contributed to his death by drinking until he became drunk and unconscious, it would not follow that the plaintiff would not be entitled to recover. If a person lies down upon a railroad track in a state of helpless intoxication, the company will not be justified in running a train over him, if it can be avoided in the exercise of reasonable care, after the person is discovered in his exposed condition."
*838 Plaintiff's final movements into the highway do not defeat the application of Last Clear Chance. Under this doctrine, the law looks to plaintiff's incapacity rather than to her antecedent conduct. As the Court stated in Small v. Boston & M.R.R., supra, "While a sober person cannot have the benefit of the last chance rule which an intoxicated person may by reason of his incapacity, there is no favor to the latter. It is the situation of incapacity, however it arises, that invokes the duty of saving action by the defendant."
We conclude that the petition adequately alleges fault, causation, and damage under Articles 2315 and 2316 of the Louisiana Civil Code. Hence, we hold that the petition states a cause of action in favor of the injured patron. Because of the posture of the case, our decision is limited to this narrow holding.
Admittedly, our holding here conflicts with the decision in Lee v. Peerless Insurance Company, supra. There, with a similar petition, the Court held that the petition did not state a cause of action. The rationale was that the intoxicated patron was guilty of contributory negligence as a matter of law and that the proximate cause of the injury was the consumption of the alcoholic beverage and not the sale. The decision has been widely criticized as unsound. See 41 Tul.L.Rev. 182 (1966); 26 La.L.Rev. 510 (1966); 27 La.L.Rev. 146 (1966); 13 Loy.L.Rev. 204 (1966). The leading decision relied on, Cole v. Rush, 45 Cal.2d 345, 289 P.2d 450, 54 A.L.R.2d 1137 (1955), has since been overruled in Vesely v. Sager, 5 Cal.3d 153, 95 Cal.Rptr. 623, 486 P.2d 151 (1971). As noted in Vesely v. Sager, supra, most of the recent decisions have rejected the no-proximate-cause rubric. Accordingly, Lee v. Peerless Insurance Company is overruled.
For the reasons assigned, the judgment of the Court of Appeal is reversed, the peremptory exception of no cause of action is overruled, and the case is remanded to the district court for further proceedings consistent with the views herein expressed. The costs of the present appellate proceedings are taxed against the defendants. All other costs are to await the outcome of the suit.
DIXON, J., concurs with reasons.
SUMMERS, CALOGERO and MARCUS, JJ., dissent and assign reasons.
DIXON, Justice (concurring).
The dutybreach-of-duty approach adopted by this court and well discussed by the majority opinion negates the need for inquiry into the doctrines of contributory negligence and last clear chance. The proper test is whether the duty imposed on this defendant, whether statutory or nonstatutory, is designed to protect this plaintiff (in her intoxicated condition) from the risk to which she was exposed. This standard includes the protections provided by the above doctrines. See Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298, 306 (1962), and Malone, Ruminations on Dixie Drive It Yourself, 30 La.L.Rev. 363, 373.
CALOGERO, Justice (dissenting).
The majority holds, contrary to a decision of this Court in Lee v. Peerless Insurance Company, 248 La. 982, 183 So.2d 328 (1966), that a person states a cause of action for the recovery of damages from a bar proprietor upon alleging that he was struck by an automobile after having been ejected from the bar in an intoxicated condition.
I believe that this Court's decision in Lee v. Peerless Insurance Co., supra, was correct and that such allegations do not state a cause of action. The Louisiana legislature has never passed, either before *839 or after the Lee case, a civil damage or "dram shop" statute.
I therefore respectfully dissent.
MARCUS, Justice (dissenting).
I do not find that plaintiff has alleged any facts indicating a breach of La.R.S. 26:88(2), which prohibits a retailer of alcoholic beverages from serving an intoxicated person. In my view, the only duty imposed by this statute on defendants was not to serve plaintiff after she became intoxicated. Any risk or harm encountered by the intoxicated person thereafter does not fall within the duty imposed by the statute. Likewise, I find no allegations of a breach of duty by defendants arising from the invitor-invitee relationship. Operators of public bars owe no obligation to insure the safe journey home of their patrons after leaving their place of business. Their only duty in this respect is to stop serving them when they become intoxicated. Accordingly, I respectfully dissent from the majority opinion.
SUMMERS, Justice (dissenting).
In overruling Lee v. Peerless Insurance Company, 248 La. 982, 183 So.2d 328 (1966), an almost identical factual situation, this Court disregards the fact that Louisiana has never had a civil damage or "dramshop" act imposing liability upon tavern keepers when their customers become intoxicated and suffer harm on that account. Furthermore, the case at bar disregards the fact that Section 88 of Title 26 of the Revised Statutes is criminal in nature, levying a fine and imprisonment for its violation, and the statute is not designed to set a standard of conduct for the determination of civil liability.
More important, however, this decision, at least in this situation, abolishes the doctrine of contributory negligence, for plaintiff's intoxication was conceded to be voluntary.
I respectfully dissent.