338 So.2d 166 (1976)
J. L. HASKINS, Plaintiff-Appellant,
v.
Ben J. CLARY, Sup't of Utilities, et al., Defendants-Appellees.
No. 13009.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1976.
Rehearing Denied, November 1, 1976.
Writ Granted January 14, 1977.
*167 Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiff-appellant.
Waltman, Napper & Madden by O. L. Waltman, Jr., Ruston, for Ben J. Clary.
Hale M. Walker, Ruston, for City of Ruston.
Before PRICE, HALL and JONES, JJ.
En Banc. Rehearing Denied, November 1, 1976.
JONES, Judge.
Plaintiff has appealed from a judgment sustaining an exception of no cause of action to his suit for $15,000 against the City of Ruston and its Superintendent of Utilities, Ben J. Clary. The claim is based on an alleged breach of contract by the city. We affirm the trial court.
Plaintiff alleges that he negotiated a verbal contract with the city through its authorized agent, Ben J. Clary, by the terms of which the city agreed to convey to him a large transformer as compensation for plaintiff's obtaining a buyer for generating equipment the city no longer needed and desired to sell. This compensation was to be in addition to a finder's fee paid plaintiff by the buyer. Plaintiff alleges that he obtained a buyer for the equipment but that the city did not convey the transformer to him, but in fact conveyed it, along with other electrical equipment, to the buyer located by plaintiff.
It is well settled that an exception of no cause of action addresses itself to the sufficiency in law of the petition and is triable on the face of the papers; that for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition must be accepted as true, and that a suit will not be dismissed on an exception of no cause of action if allegations of fact set forth a cause of action as to any part of the demand. Pence v. Ketchum, 326 So.2d 831 (La.1976).
In order for a city to dispose of property no longer needed for public purposes, it must comply with LSA-R.S. 33:4712 which requires, among other things, that a proposed ordinance outlining the details of the transaction wherein the property is to be disposed of, must be introduced by the governmental authority and advertised 3 times in a 15 day period before its adoption. The plaintiff asserts as one specification of error that there has been "substantial colorable compliance with R.S. 33:4712".
A review of the petition reflects no allegations of fact indicating any compliance whatsoever with the statute in regard to the alleged contract by the terms of which the City of Ruston was to convey the transformer to plaintiff.
*168 Plaintiff further urges that he had a valid contract with the city even though the cited statute was not complied with. This argument is without merit. In Coleman v. Bossier City, 305 So.2d 444 (La.1974), the city entered into certain contracts with plaintiff without complying with statutes requiring advertisements and performances of other special conditions prior to entering into the contracts. The court held Bossier's failure to comply with these statutory requirements resulted in the contracts being null, void and unenforceable.
Even in the absence of a valid contract with a municipality, a good faith party may be entitled to recover under the doctrine of unjust enrichment.
In Smith v. Town of Vinton, 216 La. 9, 43 So.2d 18 (1949), plaintiff, who performed work under a void contract, was held entitled to recover under the unjust enrichment doctrine for the amount actually expended for labor, materials, insurance, and equipment rental in doing work on the electrical distribution system of the Town of Vinton. He was denied the right to recover expenses, profit, and engineering fees.
In Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 (1943), plaintiff supplied material to the State Highway Commission on void contracts and was permitted to recover actual cost of material without any allowance for profit or expenses incurred.
In Coleman v. Bossier City, supra, plaintiff was held entitled to recover under void contracts for his actual cost in the construction of water and sewerage facilities for the City under the unjust enrichment doctrine.
Plaintiff has alleged no out of pocket cost incurred by him similar to those found in Smith, Boxwell and Coleman. Plaintiff's only alleged loss was the transformer which was nothing more than an additional profit which he was to receive in addition to the finder's fee to be paid by the buyer. The cited cases all denied recovery of profit under the doctrine of unjust enrichment.
Plaintiff claims that Clary, as Utility Superintendent, had apparent authority to act for the city in this type of transaction, and that he would rely on Clary's representation. In 56 Am.Jur.2d, Section 504, is the following:
" * * * It is generally held that those dealing with the officers or agents of a municipal corporation must at their peril see to it that such officers or agents are acting within their authority, . . ." (Emphasis added).
In Chandler and Chandler v. City of Shreveport, 162 So. 437 (La.App.2d Cir. 1935), in discussing the actions of the Mayor, the court stated:
"* * * The powers and duties of municipal officers are fixed by law. Persons dealing with them do so at their peril, and must take notice of their limitations. . . [if] . . . not an ordinary administrative affair. . ." Id. at pages 439, 440.
Plaintiff dealt with Clary at his peril. Clary could not enter into a binding contract with plaintiff on behalf of the City of Ruston without compliance with R.S. 33:4712.
Finally, plaintiff claims that his petition stated a cause of action against Clary personally under the provisions of Civil Code Article 3013:
"The mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers."
Plaintiff's petition fails to allege that Clary bound himself personally in connection with the alleged contract. The petition specifically alleges that Clary was authorized to negotiate and enter into binding agreements on behalf of the city. The petition contains no allegations that Clary's actions as agent for the city exceeded his authority.
For the reasons set forth, it is clear that plaintiff's petition contains no allegations of a cause of action against either defendant.
*169 The decision of the trial court is affirmed at appellant's cost.