CUTRER, Judge.
This is a suit for damages by Jimmy Thrasher for injuries received when he was removed from a bar owned and operated by defendant, Johnny Leggett. From a judgment in favor of plaintiff, defendant appeals.
We reverse.
There is little dispute in the facts of this case. The evidence reflects that on July 8, 1977, plaintiff, after drinking beer most of the day, had entered defendant’s bar known as Johnny Leggett’s Cajun Country, in the early evening around 7:00 P.M. Plaintiff had some drinks and began arguing and cursing his estranged wife who was present with a friend. After a short time plaintiff was told to leave by Dale Perkins, a bouncer for defendant. Plaintiff left and went to other bars and returned to the Cajun Country later in the night and continued drinking. Plaintiff became highly intoxicated and again he started loudly cursing and threatening his estranged wife. The bouncer again warned plaintiff to quieten down or he would have to leave. Plaintiff persisted in his abusive and provocative activities. The bouncer, Dale Perkins, then escorted plaintiff out the door of the establishment. Outside the door is a 4-foot wide platform with 3 steps leading to the ground. Perkins escorted plaintiff down the steps and told plaintiff to leave. The plaintiff followed Perkins back up the steps cursing and telling Perkins that no one was going to keep him out of the bar. Plaintiff grabbed the door handle and so did Perkins. The plaintiff then struck at Perkins. Perkins threw up his arm to block the blow. Plaintiff, as a result of this encounter, fell down the steps, injuring himself. After plaintiff fell, Perkins, along with another employee of defendant, assisted plaintiff by sitting him on the steps. Another patron of the club took plaintiff to his home a short time later. The medical evidence reveals that plaintiff sustained a broken ankle in the fall.
Plaintiff filed suit against Johnny Leg-gett d/b/a Johnny Leggett’s Cajun Country. The trial court rendered judgment in favor of the plaintiff and against defendant on the ground that:
“Whether he fell because he attempted aggressive action, or because he lost his balance, does not seem material to the court, because he was in a helpless and irrational state of intoxication. Defendant had the last clear chance to see that Plaintiff would not injure himself. If defendant was unwilling to escort him to a place of safety, the sheriff’s department could have been called, or the City Police, could have come for him and incarcerated him in a place of safety.”
The trial court applied the “last clear chance” principles enunciated in the case of Pence v. Ketchum, 326 So.2d 831 (La.1976). Defendant appeals assigning five specifications of error as follows:
1. The District Court erred in concluding that Thrasher became intoxicated on his first visit to Cajun Country.
2. The District Court erred in concluding that Thrasher returned to Cajun Country after he left the first time only a half hour to one hour later.
3. The District Court erred in concluding that it was negligence for defendant’s employees to remove Thrasher from the night club.
4. The District Court erred in concluding that the defendant had the last clear chance to avoid plaintiff’s accident.
*1151 5. The District Court erred in failing to apply the aggressor doctrine.
ERRORS NOS. 1 AND 2
The first two assignments of error present questions of fact. The trial judge concluded that plaintiff became highly intoxicated as a result of his drinking at defendant’s establishment. It was also concluded that plaintiff was gone from the bar, after leaving the first time, for a period of one-half to one hour. We have reviewed the testimony of the various witnesses and find that the trial judge’s findings in this regard are amply supported by the record. These findings will not be disturbed by this court absent a showing of manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973).
ERRORS NOS. 3, 4 AND 5
We have no dispute with the trial judge in his conclusion of fact, but we disagree that the doctrine of “last clear chance” is applicable to the facts herein.
In the Pence case plaintiff brought suit against the owners of a bar and the driver of a vehicle for the recovery of damages sustained by the plaintiff when she was struck by the motorist after plaintiff had been removed from the bar in an intoxicated condition. The allegations of plaintiff’s petition reflected that plaintiff had been allowed to consume an excessive amount of alcohol while in the bar and that the owners of the bar had knowledge of, or should have known of, her intoxicated condition but still ejected plaintiff, allowing her to attempt the crossing of a highway adjacent to the bar where she was struck and injured. The owners of the bar filed an exception of no cause of action which was sustained by the trial court. The judgment of the trial court was affirmed on appeal[1] with that court relying on a ruling in the case of Lee v. Peerless Insurance Company, 248 La. 982, 183 So.2d 328 (1966).
The Supreme Court reversed and held that the petition stated a cause of action in that the petition alleged that the bar owners had violated their statutory duty imposed by LSA-R.S. 26:88 which reads as follows:
“No person holding a retail dealer’s permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:

“(2) Sell or serve alcoholic beverages to any intoxicated person.”
The court concluded that if a bar owner violates this statute he has a duty as a business invitor to avoid affirmative acts which would increase the danger of an intoxicated person. Secondly, the court also concluded that, under the facts alleged, the doctrine of last clear chance was applicable as an exception to the general rule that contributory negligence, through intoxication, bars plaintiff’s recovery. The court overruled Lee.
There was no reference in the petition to any disturbance, obscenities, threats, or aggressive action by plaintiff in Pence. The allegations reflected only an ejection of plaintiff from the bar in an intoxicated condition, allowing the plaintiff, in that condition, to wander onto an adjacent highway and becoming involved in a pedestrian accident with resulting injuries.
The facts in this case are easily distinguishable in that the intoxicated plaintiff created a disturbance in the defendant’s bar, using loud, obscene, and threatening language. He was removed when he refused to terminate this activity. He engaged in aggressive action after he was outside by attempting to strike defendant’s employee, which aggressive action caused him to fall, resulting in injuries.
The trial court was in error in applying the doctrine of “last clear chance” to the facts herein. There is no evidence, nor does the trial court conclude, that unreasonable force was used by defendant’s employee in plaintiff’s removal from the bar. The trial *1152 judge invoked the doctrine of “last clear chance” on the ground that “Defendant had the last clear chance to see that Plaintiff would not injure himself.” The attempted attack on the employee by plaintiff was sudden. The bouncer had no opportunity to reflect and avoid the plaintiff’s fall as a result of such attack. The doctrine is not applicable.
In addition to the duty imposed on bar owners not to sell alcoholic beverages to intoxicated persons, that law further provides that the bar owner shall not permit any disturbance of the peace or obscenity on the licensed premises.[2] When this occurs, the owner of the bar has not only the right but the duty to remove a customer from the premises. The removal, however, must be done in a reasonable manner with such force as is reasonably necessary.
This court in the recent case of Ethele Gabriel v. Claude Boudreaux, d/b/a Blue Angel Restaurant & Bar, et al., No. 6666, handed down October 13, 1978, invoked the long standing rule of removal by reasonable force holding:
“It is the right and the duty of the proprietor of a place of public entertainment to maintain order and decorum to the extent necessary to protect his patrons from injury, as well as from boisterous or otherwise offensive conduct. To accomplish this purpose, a proprietor may lawfully expel any person guilty of disorderly conduct with such force as is reasonably necessary. Planchard v. Klaw & Erlanger New Orleans Theaters Company, 166 La. 235, 117 So. 132 (La.1928); Gorman v. United Theaters, Inc., 177 So. 463 (La.App. Orleans 1937); and Russo v. Orpheum Theater & Realty Company, 136 La. 24, 66 So. 385 (La.1914).”
We conclude that the defendant, through its employee, had the right and the duty to remove plaintiff from the premises. Such removal was done in a lawful manner with such force as was reasonably necessary. Plaintiff’s,injury was not caused by any failure or neglect of duty by defendant in the protection of other patrons from boisterous and offensive conduct or possible injury. Plaintiff’s injury was caused by his own aggressive action, and he is barred from any recovery for damages.
For these reasons, the judgment of the trial court is reversed, and it is now ordered, adjudged and decreed that plaintiff’s suit be dismissed. Plaintiff is to pay all costs of the trial court and of this appeal.
REVERSED AND RENDERED.

. Pence v. Ketchum, 314 So.2d 550 (La.App. 1st Cir. 1975).

. LSA-R.S. 26:88(5) provides as follows:
“No person holding a retail dealer’s permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
******
“(5) Permit any disturbance of the peace or obscenity, ... on the licensed premises."