EDWARDS, Judge.
Plaintiff, Alma Tyson, was driving in her automobile when it began to overheat. She stopped, allowed a few minutes to elapse, removed the radiator cap, and added water to the radiator. At that time, a passing motorist, Melvin Richard, stopped to render assistance. Richard checked the vehicle to see if there were any leaks and asked Alma Tyson to start the engine. After the car started without difficulty, Richard replaced the radiator cap and closed the hood. Alma Tyson proceeded on, but the vehicle again began to overheat. She stopped the automobile, raised the hood and waited a short while before touching the radiator cap to see if it had cooled enough to be removed. As Alma Tyson touched the cap,[1] it came off of the radiator and she received serious burns from steam and hot water which erupted from the radiator.
Plaintiffs, Alma Tyson and her husband Joel, filed suit against American Indemnity Company (“American”), the liability insurer of the Tysons’ automobile. Plaintiffs’ petition alleged that Alma Tyson’s injuries were caused by Richard’s negligence, in that he failed to properly replace the radiator cap.
American answered plaintiffs’ suit, generally denying plaintiffs’ allegations and further contending that there was no coverage under the insurance policy covering the Tysons’ automobile.
The trial court rendered judgment for the plaintiffs in the amount of $24,840.28, representing $20,000.00 for Mrs. Tyson’s personal injuries and $4,840.28 in special damages. The trial judge concluded that there was coverage under the policy of insurance issued by American. He held that Richard was an omnibus insured under the policy because his action in assisting Mrs. Tyson constituted “use” of the automobile. The trial judge found that Richard was at fault for attempting to install the radiator cap about which he knew nothing and for installing it improperly. Finally, the trial court rejected defendant’s plea of contributory negligence or assumption of the risk on the part of Alma Tyson.
American has suspensively appealed the judgment of the district court. Plaintiffs have answered that appeal, asserting that the amount of the award is inadequate. We reverse and dismiss plaintiffs’ action.
American asserts that the trial court erred in three respects:
1. Concluding that Melvin Richard was an omnibus insured under the liability policy;
2. Finding that the evidence established that Richard was negligent; and
3. Rejecting defendant’s assertion of contributory negligence and assumption of the risk on the part of Alma Tyson.
Because our conclusion that the trial court committed manifest error in finding Richard negligent mandates reversal, we will not discuss the other alleged errors.
In his written reasons for judgment, the trial judge made the following observations with regard to his finding of negligence on the part of Richard:
“Richard testified that he was unfamiliar with the type of radiator cap which is installed in a Corvette automobile such as owned by the plaintiffs. His testimony underscores the fact that he did not tighten the cap in the proper fashion as was described by plaintiff’s radiator expert. He was at fault in attempting to install a cap about which he knew nothing and clearly his fault was the cause of Alma Tyson’s injry (sic).”
We have carefully reviewed the record. In light of the evidence contained therein, the finding that Richard was negligent is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For a plaintiff in a tort suit- for damages to recover in Louisiana, the damages must have been caused by the “fault” of another. There must be a duty owed by *500 the defendant to the plaintiff; a breach of this duty; and this breach of duty must be the cause-in-fact of the damages suffered by the plaintiff. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Williams v. Louisiana Machinery Co., Inc., 387 So.2d 8 (La.App. 3rd. Cir. 1980).
Richard’s duty in the instant case was to act as a reasonably prudent person would act under the circumstances. If a person acted as a reasonable and ordinarily prudent person under the circumstances, he cannot be found to have been negligent. Pence v. Ketchum, 326 So.2d 831 (La.1976); Mauthe v. Gibson, 367 So.2d 1280 (La.App. 3rd Cir. 1979); Fire and Casualty Insurance Company of Connecticut v. Garrick, 312 So.2d 103 (La.App. 1st Cir. 1975).
Melvin Richard testified that he replaced the radiator cap in the same manner that he ordinarily did on his automobile, pressing the cap down and turning it until it was tight. He testified that he thought the cap was on securely. Cyrus Beam, who was accepted by the trial court as an expert on radiators, testified that the proper way to replace a radiator cap is to press it down and turn it until tight. This is what Richard did.
Plaintiff relies upon the testimony of Beam to establish Richard’s negligence. Beam testified that the cap could not have come off as testified to by Alma Tyson if it had been properly reinstalled. The trial court relied on this testimony in concluding that Richard did not tighten the cap properly and was at fault in attempting to install a radiator cap about which he knew nothing.
Although the cap might not have been correctly installed, Richard was not burdened with the duty of a perfect installation. Rather, his duty was to act as a reasonable person under the circumstances. Not only did plaintiffs fail to prove that Richard acted in a substandard manner, the record affirmatively establishes that he acted as a reasonably prudent person would have done under the circumstances.
The evidence establishes that Melvin Richard’s conduct was not substandard in any manner. Richard stopped to render assistance to a motorist who was having automobile trouble. His testimony indicates that he replaced the radiator cap as he ordinarily would and thought that it was secure.
Nor does the record support the trial judge’s finding that Richard was unfamiliar with this type of radiator cap. He testified that it appeared to work like the cap on his own Chevrolet. Beam, the radiator expert, testified that the cap was the same as the one used on all late model General Motors’ automobiles.
After reviewing the record, we reach the conclusion that the trial judge was clearly wrong in concluding that Melvin Richard was negligent. For that reason, we reverse the judgment of the district court and dismiss plaintiffs’ action. All costs are to be paid by plaintiffs-appellees.
REVERSED AND DISMISSED.

. During the course of her testimony, Alma Tyson variously testified that the radiator cap popped off just as she “reached to touch it”; “reached to catch the top”; and “fooled with it.”