GRISBAUM, Judge.
This is a personal injury case. The defendant appeals the trial court’s judgment holding him liable for head injuries sustained by the minor Melvin Dakin, Jr. when he hit the cross-bar on defendant’s sign. We affirm.
On February 18, 1980, Melvin Dakin, Jr. was riding his bicycle through the parking lot of the Convenience Food Mart Store No. 3, 3507 Williams Boulevard, Kenner, Louisiana. He was preceded through the lot by two friends also on bicycles. The boys were about to ride in between two sign posts when the first boy suddenly veered to the side and the second boy ducked his head. Melvin also ducked but not enough to avoid hitting the steel cross-beam located a few feet from the ground. He sustained a severe laceration to his forehead.
On March 31, 1981, a trial on the merits was held solely on the issue of liability. This resulted from a joint motion by the parties for bifurcation of the trial due to the unavoidable absence of a witness crucial to a determination of damages. It is from the finding of liability that this appeal is taken.
Two issues are raised on appeal. First is whether the appellant breached a duty of care and had notice of the danger of the cross-beam. Second is whether the appellee was contributorily negligent due to prior *1016 knowledge of the presence of the crossbeam. On the first issue, the duty owed by a land owner is determined by Louisiana Civil Code articles 2315 and 2316. Article 2315 provides in pertinent part:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Article 2316 directs:
Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.
Under these articles, the elements of the cause of action are fault, causation and damages. Straley v. Galongne Drayage & Storage, Inc,, 346 So.2d 171 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976). Causation is not disputed in this case and damages were not an issue at the bifurcated trial on liability. Thus, the element for review is fault, which includes the concept of negligence. For analysis, negligence is divided into duty and breach of duty. The instant duty is the obligation to conform to the standard of conduct of a reasonable man in view of the probability of injury to others in the management of his property. Straley v. Calongne Drayage & Storage, Inc., supra; Pence v. Ketchum, supra.
The trial court found that the appellant breached their duty based on the testimony of two witnesses. A sign expert testified that the sign industry standard was to locate horizontal poles at least nine feet from the ground precisely for the purpose of preventing someone from hitting them. The cross-beam in this case was approximately three and one-half feet above the ground. The trial court found the appellant further remiss in their duty of care as they had notice of the potential danger. Testifying at the trial, appellee’s witness Steve Hughes related that two years prior to appellee’s accident, he struck the same cross-beam while riding his bicycle. His mother informed the store manager of the accident. Appellants introduced no evidence to rebut the testimony of either witness.
Addressing the second issue, the appellee testified that he did not know of the presence of the cross-beam. The trial judge was impressed with appellee’s testimony and the appellant offered no evidence to contradict him.
In his written reasons for judgment, the trial court found that the appellant failed to maintain standards of a reasonable, prudent individual. He found no negligence due to the appellee’s conduct. His holding is supported by the testimony adduced at trial and we are presented with no evidence to indicate to the contrary.
AFFIRMED.