CIACCIO, Judge.
The district court rendered judgment sustaining the defendant’s exception of no cause of action and the plaintiff appeals. We reverse the trial court judgment which dismissed the plaintiff’s suit, and remand the case for further proceedings.
The sole issue presented on appeal is whether the plaintiff’s petition states a cause of action.
The plaintiff, Cecil B. Berry sued the Bank of Louisiana in an attempt to recover a payment made to the defendant by its issuing bank, First Metropolitan, pursuant to an Irrevocable Letter of Credit. The Letter of Credit, which is the subject of this litigation was issued by First Metropolitan Bank at the plaintiff’s request. On January 19,1981 the Irrevocable Letter of Credit was issued and received by Mr. Charles Lacoste, Jr. It had been signed by the proper banking authorities, and it reads as follows:
January 19, 1981
NOLEASCO
Charles L. Lacoste, Jr.
P.O. Box 13336
New Orleans, Louisiana 70185
Stanley Letter of Credit No. 811901
$100,000.00 Aggregate Total
Expiration Date: October 31, 1982
Dear Mr. Lacoste:
We hereby establish an irrevocable standby credit No. 811901 in your favor for the account of Cecil B. Berry, for a sum not to exceed $100,000.00 U.S. currency, available by your draft on First Metropolitan Bank, Metairie, Louisiana, subject to the following conditions:
Funds may be drawn under this letter of credit, between September 30, 1982 and its expiration, October 31, 1982, upon receipt of an affidavit of an officer of any bank or lending institution which has extended credit to NOLEASCO, an Ordinary Partnership in Commendam; which affidavit states that said bank or lending institution has extended credit to the partnership upon its Letter of Credit, and such loan is due and unpaid or in default. This credit is subject to the Uniform Customs and Practices for Documentary Credits (1974 Revision) International Chamber of Commerce Brochure No. 290. We hereby agree with you and negotiating banks or bankers that drafts under and in compliance with the terms of the credit shall be duly honored on due presentation to the drawer.
According to the plaintiff’s petition, Mr. Lacoste owed a debt to the defendant bank of $57,833.34. Mr. Lacoste presented the *1168 Irrevocable Letter of Credit to the defendant in conjunction with this debt. The defendant, according to the plaintiff, presented the Letter to the issuing bank and the issuing bank paid the defendant pursuant to the Irrevocable Letter of Credit. In seeking recovery against the Bank of Louisiana the plaintiff’s petition makes the following allegations as a basis for recovery:
[[Image here]]
6.
Petitioner was a Limited Partner in the NOLEASCO Partnership and the said Letter of Credit was issued in connection with his investment in the said Partnership and for the purpose of acquiring a pipe laying barge known as “SHERYL ANN.”
7.
Petitioner would show that the said Charles L. Lacoste delivered the said Letter of Credit to the Bank of Louisiana and used the same for personal purposes, entirely unrelated to the purposes for which the said Letter of Credit was issued and the objects and purposes of the Partnership in actions which were f[r]agrantly fraudulent and for which petitioner filed suit and obtained Judgment in proceedings entitled “, Cecil B. Berry et als vs. Noleasco Partnership, Noleasco, Inc. and Charles L. Lacoste, Jr.” No. 82-5958 of the Civil District Court of the Parish of Orleans and the said proceedings and Judgment entered therein are incorporated herein by reference.
On September 30, 1982 defendant presented the said Letter of Credit to the First Metropolitan Bank for payment of a debt due the defendant by Charles L. Lacoste, Jr. in the sum of $57,833.34 and was paid the said sum by First Metropolitan Bank and your petitioner’s account was charged with the said amount.
8.
Petitioner would show that the terms and conditions under which Charles L. Lacoste, Jr. became indebted to the Bank of Louisiana were such that were not covered by the terms of the Letter of Credit and petitioner is entitled to claim and recover from the Bank of Louisiana the said sum of $57,833.34 plus whatever additional interest he may be required to pay on this amount and reasonable attorneys’ fees.
⅜ # ⅜: ⅝ ⅞5 *
A letter of credit is, by definition, an engagement by a bank made at the request of a customer that the issuer will honor drafts or other demands for payment upon compliance with the conditions specified in the credit. R.S. 10:5-103(1)(a). Schweibish v. Pontchartrain State Bank, 389 So.2d 731 (La.App., 4th Cir., 1980) writ denied La., 396 So.2d 885.
Unless otherwise agreed a credit is established as regards the beneficiary when he receives a letter of credit or an authorized advice of its issuance. R.S. 10:5-106. The beneficiary, unless otherwise agreed, by transferring or presenting a documentary draft or demand for payment warrants to all interested parties that the necessary conditions of the credit have been complied with. R.S. 10:5-111. Thus, the issuer must honor a draft or demand for payment which complies with the terms of the relevant credit regardless of whether the goods or documents conform to the underlying contract between the customer and the beneficiary. R.S. 10:5-114. Schweibish v. Pontchartrain State Bank, supra.
The Louisiana Supreme Court, in Haskins v. Clary, 346 So.2d 193 at 194-195 (La., 1977) discussed the factors to be considered in disposing of an exception of no cause of action:
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Pence v. Ketchum, 326 So.2d 831 (La.1976); Hero Lands Company v. Texaco, *1169 Inc., 310 So.2d 93 (La.1975); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968).
Liberal rules of pleading prevail in Louisiana and each pleading should be so construed as to do substantial justice. La.C.C.P. art. 865; Pence v. Ketchum, supra; Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971). When it can reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence. Pence v. Ketchum, supra; Hero Lands Company v. Texaco, Inc., supra; Eschete v. City of New Orleans, supra; Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776 (1961).
We have reviewed the plaintiff’s petition, accepting the allegations of facts as true and we find that, on its face, it sets forth a cause of action.
The plaintiff complains that the defendant deviated from the express terms of the letter of credit and further alleges that the defendant negotiated the letter of credit based upon a personal indebtedness of Charles Lacoste, Jr. and not in compliance with the terms of the letter of credit which required the beneficiary to have “extended credit to NOLEASCO, an Ordinary Partnership in Commendam.” The petition states a cause of action in warranty. R.S. 10:5-111.
Therefore, the trial court judge incorrectly dismissed the plaintiff’s suit for its failure to state a cause of action.
Accordingly, for the reasons assigned, the judgment of the district court sustaining the exception of no cause of action is reversed. The case is remanded to the district court for further proceedings. Costs of this appeal are assessed against appellee with other costs to be determined at the conclusion of the case.
REVERSED AND REMANDED.